## TIMOTHY MOSHIER

### *v.*

## KITCHELL & ARNOLD.

1. STATUTE OF FRAUDS—*promise to pay for another.* An original undertaking to retain attorneys to attend to a suit for a third person may be implied from circumstances, but one collateral to answer for the debt, etc., of another can not, as it must be in writing. Whether a party's undertaking is original or merely collateral, is a question of fact for the jury.

2. SAME—*when promise must be in writing.* If the plaintiff in a suit employs an attorney to prosecute for him, what any third person may say or do will create no liability on his part to the attorney, without a new consideration and an express promise in writing to answer for the performance of the agreement of the party so employing the attorney.

3. CONTRACT—*performance by other than original parties.* Where a firm of attorneys is employed to render professional services, and afterwards the firm is dissolved and a new one formed, the latter can not sue and recover upon the original contract, although such firm may have succeeded to the old one and

may have completed the services. The liability of the party is not shown by proving a retainer of another and different firm.

4. ATTORNEYS—*presumption as to performance of contract after dissolution of firm.* It is the duty of the several members of a law firm retained to attend to legal business to go on and complete their contract after dissolution of the partnership, without reference to having entered into new partnerships; and in the absence of proof to the contrary it will be presumed that a firm completed its contract of retainer even after dissolution.

5. INSTRUCTIONS. Instructions should in a clear, concise and comprehensive manner inform the jury as to what material facts must be found, to recover, or to bar a recovery. They should never be argumentative, equivocal or unintelligible to the jury.

6. An instruction which refers to the Statute of Frauds without explaining what its provisions are, is calculated to confuse, if not mislead, the jury.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought by Kitchell & Arnold, against Timothy Moshier, to recover attorneys' fees. The third instruction, referred to in the opinion, is as follows: "The jury are instructed, that, in law, one person has a right by word of mouth to employ another to work for a third person, and such person may properly do such work upon the credit of the party making such employment, and not upon the responsibility of the party for whom the work is done, if there be a consideration therefor. And in such case, if the work is done upon the faith of such employment, the party performing the services has the right to claim and recover from the party so employing him whatever the services were reasonably worth; and the contract need not be in writing, but is equally binding if the employment be merely by word of mouth. The Statute of Frauds is no defense against such contract, if the facts proven in this case are applicable to the above law." ·

Messrs. DOUGLASS & HARVEY, for the appellant.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellees brought an action against appellant to recover attorney's fees for services claimed to have been rendered for him.   It appears that James Dunn and wife and Marvin Dunn were tenants of appellant, and having been injured by an en- gine of the Chicago, Burlington and Quincy Railroad Com- pany, they subsequently brought suit against the company to recover for the injury.   These suits led to protracted litiga- tion, and appellees claim that they were retained by appellant to perform the legal services rendered by them in the suits. Appellant denies that he employed them, but claims that they were retained by the Dunns, and not by him, and that if he did anything from which a promise to pay them might be im- plied, it was after the retainer by the Dunns, and it was col- lateral, without consideration and not in writing, and therefore not binding.

If appellant, by an original undertaking, retained appellees, then it might be implied from circumstances.   But if appel- lees were employed by the Dunns, anything appellant might have done or said would not have created any liability on his part, without a new consideration and an express promise, in writing, to answer for the performance of the agreement of the Dunns.   An original contract may be implied from cir- cumstances, but a collateral agreement to answer for the debt, default or miscarriage of another person can not, as the statute requires that such agreements must be in writing, and it is held that there must be a consideration to support them.   It then depends upon whether there was a previous agreement, by Dunn and appellees, for the performance of these services, (or rather, with Arnold & Douglass, as appellees afterwards succeeded that firm by a change in the firm,) whether appel- lant is liable.   If there was none, then if he did such acts, no express promise being claimed, as implied an agreement to pay for the services, he would be liable.   But if there was a pre- vious agreement with Dunn to perform the services, an agree- ment by appellant, as we have seen, can not be implied.   And

whether there was an original retainer by appellant to be implied from the circumstances, or anything he said or did was only in addition or collateral to the retainer by the Dunns, is a question for the jury, under proper instructions.

It is claimed that the damages are excessive. A payment of $150 to Douglass was proved, on account of legal services in the Dunn case. The first retainer, by whomsoever made, was of Arnold & Douglass, and not of Kitchell & Arnold. Even if it can be inferred that appellant employed the former firm, and became liable to pay them, that agreement only bound him to that firm, and not to the latter. Such seems to have been the construction put upon the contract of retainer, whether made by appellant or by Dunn, as Douglass continued to attend to the case after the partnership was dissolved. The new firm was not then in existence, and hence appellant could have made no contract with it, and if he became liable when he and Marvin Dunn saw Arnold, he only engaged the services of that firm, and not those of the firm of Kitchell & Arnold, which was not formed until afterwards; and if its services were ever engaged by appellant, it was by some subsequent retainer.

The new firm could not sue for and recover for services rendered by the former firm. Their unnegotiable claims could not be transferred by them to the new firm, so as to pass such a legal interest as to maintain an action at law for their recovery. Yet, the bill of particulars shows, as well as the evidence, that this subsequent or new firm are seeking to recover for services rendered by the old firm, and the evidence shows a recovery under what is claimed as a retainer of Arnold & Douglass, for services rendered by appellees. If they recover under a retainer of their firm, they must show their engagement, and the rendition of the services and their value. The liability is not shown by proving a retainer of another and different firm. Appellant not being a party to those suits, and having no interest in them, he must be shown to have undertaken to pay them by an original undertaking, as it is

not pretended he promised in writing.  If he had been a party to the suits, much slighter circumstances would show his liability, as the services would in that case have been for him, but here, the services were rendered for another.

The old partnership seems to have been dissolved soon after the Dunn suits were commenced, and before a first trial. What was done by the old firm, if anything more than filing a *præcipe*, does not appear, nor is it shown what those services were worth.  But $150 was paid, which Douglass got, and if it was for services rendered by the old firm before and after its dissolution, then appellees have no right to charge for the same services, which we infer they have done, and if so, the recovery is excessive.  A firm of lawyers retained before the partnership is dissolved, may afterwards go on and fulfil the contract of retainer as individuals, and it is their duty to do so, without reference to whether they have entered into new partnerships; and the presumption is, unless rebutted, that Arnold and Douglass went on, after the dissolution of their firm, to fill the contract of retainer, by whomsoever made. The finding, on the evidence in the record, is, therefore, wrong, and a new trial should have been granted.

The second and third of appellees' instructions are not accurate when they leave it to the jury to say whether the facts proven are applicable to the law stated in the instructions. These instructions are indefinite as to what facts are proven— whether material or immaterial.  Instructions should, in a clear, concise and comprehensive manner, inform the jury as to what material facts must be found, to recover or to bar a recovery.  They should never be argumentative, equivocal, or unintelligible to the jury.  What may be plain to a lawyer, or a mind well trained to reason and apply principles, may be, to those not in the habit of reasoning, obscure and difficult of being understood.  Again, the third instruction refers to the Statute of Frauds, but does not explain to the jury what its provisions are.  It is believed that few, unless it be lawyers,

know the statute by that name, or its provisions. This was calculated to confuse, if not mislead, the jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*