# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—MAY TERM, 1886.

## THE ROCKFORD INSURANCE COMPANY

### V.

## ELISHA WARNE.

*Fraud—Insurance—Combination Building—Action on Notes Given for Premiums—Consideration—Failure of—Expression of Opinion—Degree of Vigilance Required—Agency—Evidence.*

1. Mere expressions of opinion employed in urging or importuning another to engage or invest in any matter are regarded as mere inducement, and form no ground upon which to base fraud.

2. The law requires men in their dealings with each other to exercise proper vigilance and to apply their attention to those particulars which may be supposed to be within reach of their observation and judgment, and not close their eyes to the means of information which are accessible to them.

4. In an action on four promissory notes given in payment of insurance premiums, it is *held:* That certain representations made by the agent of the plaintiff touching the rate of insurance were not fraudulent; that if the policy on a sheep barn, which was used for other purposes, was worthless, it would not justify the repudiation of all the notes; that certain instructions, to the effect that the defendant is not liable if the agent of the plaintiff made any false statements, were erroneous; and that certain evidence was improperly admitted.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

(19)

Statement by WELCH, J.. This action was brought on four promissory notes made by appellee to appellant—one for the sum of $40, dated May 17, 1883, due June 1, 1884, given in payment of premium on policy of insurance No. 183812, on dwelling house and furniture of appellee. One note for the sum of $66, dated May 17, 1883, and due June 1, 1884, in payment of premium on policy No. 183814, on farm property and stock. One for the sum of $36, dated May 17, 1883, and due May 1, 1884, in payment of premium on policy No. 183827, on sheep barn. One for the sum of $32, dated May 19, 1883, due May 1, 1884, in payment of premium on policy No. 183828 on stallion. These policies were five year policies, issued by the appellant to appellee. The first intimation given by the appellee to the appellant of any dissatisfaction is contained in his letter to the appellant of May 14, 1884, written in answer to one from appellant, and after two of the notes were due. This letter was as follows:

" Your card 10th inst. at hand. Your agents misrepresented in order to obtain applications. They said if I sold stock, insurance might be deducted from notes; said they were giving me special rates on horse, which was false; can get less rates in other first class companies. I want to pay for time I have been insured and surrender policies, as your agent agreed I might in case of dissatisfaction.     ELISHA WARNE."

On the 20th of the same month appellee wrote to appellant again, urging as a reason for not paying the note that he had been deceived by the agents of appellant in regard to the notes. Appellant replied that his policy provided for the cancellation on stock sold and it would do so on returning policy and that if he would send policy they would cancel $350 insurance on stock and give him credit therefor. On the 29th day of June, 1884, appellee returned his policies to appellant inclosed in the following letter:

"ROCKFORD INSURANCE COMPANY:

" I herewith surrender policies as applications obtained by fraud. I decline to pay for same. Your agents misrepresented to others one party says he paid $50 for what he could get for half in other good companies.

    ELISHA WARNE."

On the bottom of this letter appellant wrote, and inclosed policies to appellee : "We can not accept surrender of these policies." Suit was then brought by appellant on these notes before a Justice of the Peace, judgment and appeal to the Circuit Court by appellee, judgment in Circuit Court for appellee, from which judgment this appeal is taken.

Messrs. R. N. BOTSFORD and CHARLES H. WAYNE, for appellant.

The expression of an opinion as to the value, quality or desirability of an article, or urging or importuning a party to engage or invest in any matter, is regarded as mere inducement, and forms no ground upon which to found fraud.

The statements alleged to have been made by the agents of plaintiff are clearly within this rule.   Tuck v. Downing, 76 Ill. 71; Fountleroy v. Wilcox, 80 Ill. 477 ; Neidefer v. Chastain, 71 Ind. 363.

A party making a false statement must have known its falsity to make it available as a defense.   Whorf v. Roberts, 88 Ill. 426.

It was the duty of the court to tell the jury what misrepresentations, if any, these agents made which justified the defendant in repudiating his contract.   Howard Fire Ins. Co. v. Cormick, 24 Ill. 455; Gehr v. Hagerman, 26 Ill. 438 ; Mitchell v. Fond du Lac, 61 Ill. 174 ; C., B. & Q. R. R. Co. v. Hale, 2 Ill. App. 150 ; Harding v. Town of Hale, 83 Ill. 501 ; White v. Murtland, 71 Ill. 250; Bullock v. Narrott, 49 Ill. 62 ; Holly v. Augustine, 2 Ill. App. 108.

Messrs. CHARLES WHEATON and W. R. S. HUNTER, for appellee.

It was peculiarly within the province of a jury to determine whether the notes in question were procured from the appellee in good faith, and a finding of the jury on that question will not be disturbed by the court.

A verdict on the *bona fides* of a transaction properly submitted to a jury will not be disturbed.   Hart v. Wing, 44 Ill. 141.

Where there is a question of fraud the finding below will not be disturbed without the strongest reasons. Eastman v. Brown, 32 Ill. 53.

Where bad faith or fraud is charged the action is in nature *ex delicto*, although in form *ex contractu*. And in actions *ex delicto* courts will seldom interfere with the findings of a jury. Fish v. Roseberry, 22 Ill. 288.

A verdict will not be set aside where the evidence is conflicting, even though it is against the weight of evidence. Morgan v. Ryerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 187; Pulliam v. Ogle, 27 Ill. 189; Millikin v. Taylor, 53 Ill. 509; Chicago v. Garrison, 52 Ill. 516; Creote v. Willey, 83 Ill. 444; Howett v. Estelle, 92 Ill. 218.

When the evidence is irreconcilable it is for the jury to weigh and give it such credit as it deserves, and while the evidence upon which a verdict is based in such a case may be unsatisfactory on paper, a new trial will not be granted on the ground that the evidence fails to support the finding. Howett v. Estelle, 92 Ill. 218.

A judgment will not be reversed because the court below admitted improper evidence, if sufficient legal evidence appears in the record to sustain the verdict. Schultz v. Lepage, 21 Ill. 160; Boynton v. Phelps, 52 Ill. 210.

WELCH, J. If there is any defense to these four notes we are unable to discover it. By the verdict and judgment appellant carried this insurance witnessed by the four policies for over a year for nothing. Even granting everything that is claimed, *i. e.*, that he was over-persuaded by the agents of appellant to take this insurance, and that such agents misrepresented certain facts, which was the inducement to him to take the policies, *i. e.*, that they were giving him lower rates than he could get anywhere else; that if dissatisfied he could leave the company at the end of the year by paying the proportioned rate; that he could have deductions made for stock sold, and that they had insured other parties in that vicinity and particularly the stallion of Charles Sanders, the rule is well settled that the expression of an opinion as to the value,

quality or desirableness of an article, or urging or importuning a party to engage or invest in any matter, is regarded as mere inducement, and forms no ground upon which to base fraud. The statements alleged to have been made are clearly within the rule. Tuck v. Downing, 76 Ill. 71.

Kerr on Fraud and Mistake, states the rule that " the law requires men in their dealings with each other to exercise proper vigilance and to apply their attention to those particulars which may be supposed to be within reach of their observation and judgment and not close their eyes to the means of information which are accessible to them." Appellee had large business experiences, having been for the last twenty-five years engaged in the sale of agricultural implements, doing a business of some $20,000 a year and as he says, dealing with all kinds of men, with some sharp ones and otherwise. There were local insurance agents within twenty or thirty rods of his residence and place of business to whom he could and (as stated in the authority, *supra*,) it was his duty to have applied and ascertained the truth of the representations of the agents of appellant as to the rate of insurance. He can not even, if it was represented as he stated, now be allowed to interpose the untruthfulness of such representations as a defense to this suit. Appellee admits that appellant offered to cancel the stock sold. There was no misrepresentation in that particular, the policy itself providing for it. It is insisted by counsel for appellee that policy No. 183827, on the sheep barn, was worthless, the building being a combination building, used as an agricultural house and warehouse, etc. This objection if well taken, which we do not concede, could only apply to the note given in payment for that policy. It would not furnish a shadow of reason for repudiating the notes given in payment for the other three policies. We hold that if the agent of the appellant, having examined the building and having written the application for appellee, describing the building, knew as well as the appellee did that it was also used for purposes other than a private barn, appellant would have been liable in case of loss. Rockford Ins. Co. v. Nelson, 65 Ill. 415; Andes Ins. Co. v. Fish, 71 Ill. 620. That being the case there

was no valid defense to the note given in payment for that policy.

The first and second instructions given for appellee were erroneous. They left the jury to judge of both the law and the evidence and were calculated to and did mislead. The jury were virtually told that if the agents of appellant made any false statements, whether material or not, they should find for the defendant. Every statement made by a party as an inducement for another to make a contract, although untrue, gives no right of action. And it was the duty of the court to tell the jury what misrepresentations, if any, the appellant's agents made which would justify the appellee in repudiating his contract and not leave it to the jury to determine which, if any, of the alleged misrepresentations of the agents amounted to a fraud. Howard Fire Ins. Co. v. Cormick, 24 Ill. 455; Mitchell v. Town of Fond du Lac, 61 Ill. 174; White v. Murtland, 71 Ill. 250.

It was error to permit Merrill to testify that no reputable company would knowingly insure a combination building as a barn. It was also error to permit him to testify to the conversation between him and appellee. He was not the agent of appellant to make the statements he did. It was also error to allow the appellee to testify as to the conversation.

For the errors herein indicated this judgment is reversed, cause remanded, and *venire de novo* awarded.

*Judgment reversed and cause remanded.*