# C. AULTMAN & COMPANY
## V.
## FRANKLIN CONNOR.

*Negotiable Instruments—Action on Note—Accord and Satisfaction—
Plea of* Nul Tiel Corporation—*Presumption of Payment—Instructions.*

1. In an action brought by a corporation on a promissory note, it is *held:*
That the issue of an accord and satisfaction, which is the real and substantial
matter in controversy, was not fairly presented to the jury; that the defense
made on the plea of *nul tiel corporation* probably misled the jury; and that
certain of the instructions were misleading.

2. The presumption of payment of a promissory note does not arise
upon a failure to make a demand at maturity, or within any period of time
thereafter less than that fixed by the Statute of Limitations.

3. An instruction which singles out certain circumstances in evidence
and ignores others, is improper.

4. Words or terms from a foreign language should not be used in an
instruction without fully explaining their meaning, unless such words are
in common use among the people.

[Opinion filed January 7, 1888.]

APPEAL from the County Court of Peoria County; the
Hon. LAWRENCE W. JAMES, Judge, presiding.

Messrs. CRATTY BROTHERS and FULLER & GALLUP, for appellants.

Messrs. MUCKLE & WHITING, for appellee.

BAKER, J. This suit was by C. Aultman & Company, claim-
ing to be a corporation under the laws of the State of Ohio,
against Franklin Connor, upon a promissory note for $139,
dated November 9, 1875, and due on or before the first day
of January, 1877; said note having been executed by said
Connor and one Henry Vanarsdall, jointly. The pleas inter-
posed were *non assumpsit, nul tiel corporation,* payment, and
accord and satisfaction. The verdict and judgment were for
Connor, defendant below and appellee here.

Aultman & Co. v. Connor.

To say the very least, it is extremely doubtful if the evidence at the trial would have justified the jury in finding there had been an accord and satisfaction of the note, and would sufficiently have sustained a verdict for appellee upon that ground.

It is plain, however, from the record, that the issue of accord and satisfaction, which is the real and substantial matter in controversy in this suit, was not fairly presented to the jury. In view of the instructions given on the trial, appellee virtually admits this, and concedes the assignment of error that the court below erred in refusing a new trial, when he says, in his brief: "We think a corporate existence *de facto* of C. Aultman & Company clearly established, and if this were the only question to be determined by the jury, they would have found no difficulty in finding, under the evidence and instructions of the court, the corporate existence of appellant." After thus yielding the point of the corporate existence of C. Aultman & Company he claims the conclusion of the jury was based upon the plea of accord and satisfaction, and argues at considerable length the testimony tending to sustain such plea, and urges that, as the questions were all questions of fact, this court would not reverse the verdict of the jury, there being a conflict of evidence, "even though it might be against the weight of the evidence, without it is apparent that the jury have been actuated by passions or prejudice." It seems from the record that appellee at the trial made his principal defense under the plea of *nul tiel corporation*, and that it is most probable, in view of the evidence and the instructions of the court, that the verdict of the jury was predicated upon that plea. Six out of the nine instructions given at the request of appellee had reference only to the issue formed upon the plea denying the corporate existence of the plaintiff. It would be unjust that appellee should gain his case before the jury upon one issue, and then be allowed to gain his case here, upon the ground the jury had found a wholly different issue in his favor.

The 5th, 6th, 7th, 8th and 9th instructions for appellee were objectionable and were well calculated to, and probable did,

mystify and mislead the jury, on account of the frequent repetition of, and changes rung upon the expressions " corporation *de jure* " and " corporation *de facto*." In this State legal proceedings are required to be in the English language, and in the administration of justice it is, perhaps, of as much importance that this requirement should be observed in the instructions of the court to the jury, as in any other part of the procedure of the courts. There is no presumption of either law or fact that jurors are either versed in the Latin language, or are acquainted with the meaning of the law terms or maxims of the law that are derived from and expressed in a foreign language, no matter how familiar such terms and maxims may be to members of the bar who have made the science of the law a special study. In saying this we disclaim any intention of holding, or even intimating, that the mere use of a Latin word or law term in an instruction will render it erroneous. But such words or terms, unless they are in general use among common people, should not be so used without fully explaining their signification to the jury, and especially should this be done when the manner in which such words or terms are used, and the prominence given them, makes them the very gist of the instructions. Instructions should not be unintelligible to the jury, or obscure, or difficult of being understood by them. Moshier v. Kitchell, 87 Ill. 18.

The 5th instruction was erroneous on the further ground that it singled out certain circumstances of proof, at the same time wholly ignoring other circumstances in evidence, and among these latter the very salient fact that the laws of the State of Ohio authorized the formation of corporations, such as C. Aultman & Company claimed to be, and then told the jury that "such facts alone would not make them a corporation either *de jure* or *de facto*." This mode of instructing juries has time and again been held to be improper.

The 3d instruction for appellee told the jury that if they believed from the evidence that from the time when it is claimed the note was paid until about the commencement of the suit the plaintiff made no demands on the makers of the note for payment and took no steps to collect the same, then

such facts were proper for consideration in determining whether the note was paid. This was clearly erroneous. In the first place there is no presumption of payment arising out of the mere fact the payee of a note does not sue or demand payment at maturity, or within any period of time thereafter less than that fixed by the Statute of Limitations as a bar. Such presumption only arises when the bar of the statute can be interposed. In the second place, undue prominence was given by the instruction to a slight and wholly inconclusive circumstance.

For the errors indicated herein the judgment is reversed and the cause remanded.

*Reversed and remanded.*