Octavius Lumaghi, Impleaded with Joseph Lumaghi and Louis Lumaghi v. Eliza Gardin, Administratrix of the Estate of Marius Gardin, Deceased.

1. INSTRUCTIONS—"*Substantially as Charged in the Declaration.*"— In an action for damages resulting from death by negligence, it is error to instruct the jury that "if the defendant was guilty of the wrongful act, neglect or default, substantially as charged in either count of the declaration," etc., then the plaintiff is entitled to recover. A defendant has the right to insist that the grounds upon which the plaintiff seeks to recover shall be clearly and concisely stated, and that the case made in the declaration shall be proven as alleged. The use of the word "substantially" licenses the jury to disregard this rule of law.

Memorandum.—Action for damages. Death from negligent act. Appeal from the Circuit Court of Madison County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894. The opinion states the case.

ALEX. W. HOPE, attorney for appellant.

A. W. METCALFE, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This was an action to recover damages for the death of a child, between two and three years of age, caused, as appel-

lee alleged and sought to prove, by the negligence of appellant in leaving a pool of boiling water exposed during a period of two or three months at a point dangerously near a public highway. The pool was formed by a leak in an underground pipe connecting the escapement shaft with the engine house of a certain coal mine, operated by appellant. The declaration alleged that the accident occurred without negligence on the part of the boy, Marius Gardin, or of his parents.

The evidence on the vital points of the case was sharply conflicting, and it was questionable whether appellee had proved her case so as to entitle her to recover under the averments of the amended declaration, even if she would have been entitled to a verdict under allegations corresponding with the case proved.

The trial of the case resulted in a verdict and judgment for appellee.

The court, at the request of appellee, instructed the jury that if they believed from the evidence that the defendants, or either of them, were guilty of the wrongful act, neglect or default, substantially as charged in either count of the declaration, and that the same resulted in the death of Marius Gardin, and that the plaintiff was, at the time of the injury, in the exercise of ordinary care for the safety of Marius Gardin, and was afterward appointed administratrix of his estate, then the plaintiff was entitled to recover.

This was the only instruction given for appellee, and the error therein was not cured by any instruction given for appellant.

In Wabash Western Ry. Co. v. Friedman, 146 Ill. 583, it was held that a defendant has the right to insist that the grounds upon which the plaintiff seeks to recover shall be clearly and concisely stated, and that the case made in the declaration shall be proven as alleged.

The use of the word *substantially* in the instruction given for appellee in this case, authorizes or licenses the jury to disregard this rule of law. It submits to the jury a question of law, and permits them to determine how far the evidence

of appellee may depart from the allegations of the declaration without defeating her right of recovery; that the determination of this question is the province of the court, and not of the jury, seems unquestionable.

The word *substantially*, when used in an instruction with reference to what must be proved, is commented upon in Taylor v. Beck, 13 Ill. 376, in the following language: "An agreement to deliver a thousand bushels of wheat would not be legally performed by the delivery of nine hundred bushels only. The contract in this case to deliver an entire lot of broom brush, would not be properly complied with by the delivery of nine-tenths of the crop. And yet, in either case, a jury very likely would, under the generality of this instruction, come to the conclusion that the contract had been sufficiently executed. The law, it is true, does not regard trifles, and it may be that, on this principle, the failure of the plaintiff to deliver an inconsiderable quantity of the brush would not affect his right to recover upon the contract. So in the case of the contract to deliver wheat a trivial deficiency in quantity would not be regarded; but the case should have been put to the jury on this ground, and not upon the ground whether there had been, in the opinion of the jury, a *substantial* performance of the contract." This case is referred to and approved in Estep et al. v. Fenton et al., 66 Ill. 467.

An instruction is erroneous which leaves it to the jury to decide what allegations in the declaration are material. Davies v. Cobb, 11 Bradw. 587. See, also, in this connection, as bearing upon the same point the following authorities: Moshier v. Kitchell et al., 87 Ill. 18; Phenix v. Castner, 108 Ill. 207; Austine v. The People, 110 Ill. 248; Rockford Insurance Co. v. Warne, 22 Ill. App. 19.

In the case at bar the jury should have been instructed that appellee must prove her case as charged in some count of the declaration, and if there were any immaterial allegations therein, the court should have stated what they were, and if any departure from the terms of the allegations were permissible, the court should have stated wherein the strictness

of the averment might be disregarded.    It was not proper to allow the jury, under such a slippery word as "substantially," to determine those matters for themselves.

In fact, the better method of instructing jurors is to tell them what facts must be proved, without reference to the pleadings, inasmuch as jurors are not lawyers, and therefore not qualified in many instances to construe the technical language of the pleader, and to determine the exact meaning of the allegations which must be proved.

The judgment is reversed and the cause is remanded.