## Thomas Martensen v. Noah Arnold.

1.    PRACTICE—*Estoppel to Object to Instructions.*—A party is not allowed to urge the objection that there is no evidence in support of a proposition contained in an instruction, when he himself asked for an instruction based upon the same theory as to the evidence.

2.    INSTRUCTIONS—*As to Material Allegations of the Declaration.*—What were the material allegations of the declaration is a question of law, and it is error to submit to the jury what are and what are not material allegations of the declaration.

3. Same—*As to the Credibility of Witnesses.*—An instruction which tells the jury that if any witness has sworn falsely as to any material matters in issue then they may disregard the whole of such witness' testimony except wherein it is corroborated by creditable evidence in the case, is erroneous as omitting the element that the witness had willfully or knowingly sworn falsely.

Action in Tort.—Trial in the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

Peirce & Peirce and Sample & Morrissey, attorneys for appellant.

Welty & Sterling and Fifer & Barry, attorneys for appellee.

Mr. Presiding Justice Glenn delivered the opinion of the court.

This is an action in tort. The declaration contains three counts—two in case and one in trespass. The jury found appellee not guilty, and the court rendered a judgment in his favor, for his costs upon the court overruling appellant's motion for a new trial, and he brings the case to this court by appeal.

The appellant claims the following is an epitome of the facts: That he had a sick child, and was permitted to go to his neighbor Moberry's cistern to get water for it, and while entering the premises on the 13th day of January, 1897, about two o'clock in the afternoon, as he had often done before, following a pathway on the north side of the house, going from the west, as he was passing a basement window nearly under the western part of the kitchen above, situated in the northeast corner of the house, a shot was fired by the appellee, who at the time was shooting at a mark toward the window, which shot passed through the window and struck appellant on the edge of the bone above the right eyebrow. A part of the bullet entered the head through the orbital portion of the frontal bone near the nose, and passed into the head over one inch, where it rests,

while the other part passed upward, on the outside, and was found some months afterward resting on the bone, and was removed by the surgeons of the German Hospital of Chicago. These pieces of the bullet were located by the X-Ray processes. A skyograph was taken, which located both pieces, but the surgeons deemed it too dangerous an operation to attempt to remove the piece inside the head. Four surgeons attended and treated appellant when he received his injuries, which, together with the operation in the German Hospital in Chicago, cost him quite a sum of money.

The defenses interposed by appellant were two. First, the injuries received by appellant were the result of an accident; second, the appellee did not fire the shot that caused the injuries complained of. The most serious error complained of is that relating to the giving of the instructions. The appellant insists that appellee's first, second and third instructions should not have been given, because there were no facts in evidence to base them on; that is, there was no evidence that appellant's injuries were the result of an accident. Appellant's fifth, sixth and eighth instructions are upon the same theory. A party is not allowed to urge the objection that there is no evidence in support of a proposition contained in an instruction, when he asks for an instruction based upon the same theory as to the evidence. Consolidated Coal Co. v. Haenni, 146 Ill. 614. The appellant is not in a position to complain as to the giving of appellee's first, second and third instructions.

The court at the instance of appellee instructed the jury that before appellant would be entitled to recover, he must prove by a preponderance of the evidence all material allegations in his declaration or some count thereof. The giving of this instruction was error. What were the material allegations of the declaration was a question of law, and it was error to submit to the jury what were and what were not, material allegations of the declaration. T., St. L. & K. C. R. R. Co. v. Bailey, 145 Ill. 159; Moshier v. Kitchell, 87 Ill. 18; Davies v. Cobb, 11 Ill. App. 587; Lamughi v.

Gardin, 53 Ill. App. 667.   The error contained in this instruction was not cured by any other given.

In the last clause of the fifth instruction given on behalf of the appellee the court instructed the jury, " and if in this case you believe from the evidence that any witness has sworn falsely as to any material matters in issue, then you may disregard the whole of such witness' testimony except wherein it is corroborated by credible evidence in the case."

In this instruction there is omitted the very essential element that the witness had willfully or knowingly sworn falsely; in this the instruction is erroneous.   Panton v. The People, 114 Ill. 505; Brennan v. The People, 15 Ill. 517; Chittenden v. Evans, 41 Ill. 251; City of Chicago v. Smith, 48 Ill. 107; Pollard v. The People, 69 Ill. 149.

For the reasons above suggested the judgment of the Circuit Court is reversed and the cause remanded.