## Chicago Union Traction Company, et al., v. Thomas Mee.

### Gen. No. 11,590.

1. CARRIER OF PASSENGERS—*extent of obligation of.* A carrier of passengers is bound to the exercise towards its passengers of a high degree of care, and this as well with respect to the operation of its road as to its roadbed, equipment and appliances.

2. PREPONDERANCE OF EVIDENCE—*when instruction upon, improper.* An instruction upon this subject is subject to criticism where it states that the plaintiff is required by law to establish "his case" by a preponderance of the evidence before he can recover, in place of stating the facts which the plaintiff is bound to establish before he can recover.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 21, 1905.

**Statement by the Court.** This is an appeal by the defendants from a judgment for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendants.

The plaintiff was a passenger on an electric car of defendants which was going east on Twelfth street on the south tracks. In front of the car, between the south rail of the south track and curb, also going east, was an empty hay wagon with a platform which extended some distance beyond the wheels. The car was an open car, the front seat of which faced towards the front end of the car. Behind this seat was a seat which faced towards the rear of the car. The two seats were separated by a partition which extended to the roof of the car and formed the back of each of the seats mentioned. Plaintiff sat behind the partition at the south end of the seat which faced towards the rear of the car.

That the car attempted to pass the wagon and in so doing the south side of the car came in collision with the platform of the wagon and that the plaintiff was thereby severely injured is not disputed. The disputed question of fact was as to how the collision occurred. The evidence for the plaintiff was to the effect that the car struck the corner of the wagon before the wagon had fully cleared the track and pushed the wagon forward a few feet until the front end of the wagon struck an electric light pole which stood near the curb on the south side of the street; that when the wagon could go no further forward, the stanchions on the south side of the car were torn out by contact with the end of the wagon and the plaintiff thereby injured.

The evidence for the defendants was to the effect that as the car came near to the wagon, the wagon cleared the track leaving room for the car to pass, but while the car was passing the wagon, the front end of the wagon struck the light pole and that the driver then backed his wagon into the car, and thereby caused the collision.

JOHN A. ROSE and LOUIS BOISOT, for appellants; W. W. GURLEY, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

There is no claim that the verdict is against the evidence, but it is insisted that the court erred in giving and in refusing instructions. For the plaintiff the court instructed the jury "that common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted and the practical prosecution of the business, to prevent accidents to passengers riding upon their cars" and that such carrier "is responsible for the slightest neglect resulting in injury to a passenger, if the passenger is at the time of the injury exercising reasonable care for his own safety."

It is contended that the high degree of care stated in the instructions, while required of a carrier of passengers in respect to its roadbed equipment and appliances and of a carrier operating a steam railroad, in the operation of its road and the running of its trains, is not required to be exercised in the running of a horse car or electric car upon a street railroad. This contention finds no support in the decisions of our Supreme Court. On the contrary that court has repeatedly held that the high degree of care stated in the instructions complained of is required of a carrier of passengers as well in respect to the operation of its road as in respect to its roadbed, equipment or appliances and as well as to the running of a car upon a street railroad as to the running of a car upon a steam railroad. C. & A. R. R. Co. v. Byrum, 153 Ill. 135, and cases there cited; W. C. St. R. R. Co. v. Johnson, 180 Ill. 285; W. C. St. R. R. Co. v. Kromshinsky, 185 Ill. 92.

The court refused to give for the defendants the following instructions:

8. "The court instructs the jury that the burden of proof is not upon the defendants to show that they are not guilty of the specific negligence charged in the declaration, or in some count thereof, but the burden is upon the plaintiff to prove that the defendants are guilty, and also to prove that he himself was in the exercise of ordinary care for his own safety, and this rule, as to the burden of proof, is binding in law and must govern the jury in deciding this case. The jury have no right to disregard said rule or to adopt any other in lieu thereof, but in considering the evidence and coming to a verdict, the jury should adhere strictly to said rule."

9. "The jury are instructed that the plaintiff is required by law to establish his case by a preponderance of the evidence before he can recover. If the plaintiff in this suit has not so established his case, or if the evidence is evenly balanced so that the jury are in doubt and unable to say on which side is the preponderance, or if the preponderance of

the evidence is in favor of the defendants, then, in either of these cases, the verdict should be not guilty."

10. "The court instructs the jury that if you believe from the evidence, under the instructions of the court, that the injury to the plaintiff was caused solely by the backing of the wagon into the side of said car, if said wagon was so backed into the side of said car, then the plaintiff cannot recover and you should find the defendants not guilty."

The substance of refused instruction 10 was given in defendants' instruction 22. Refused instruction 9 is subject to criticism because it stated that the plaintiff was required by law to establish "his case" by a preponderance of the evidence before he could recover, in place of stating the facts which the plaintiff was bound to so establish before he could recover. T. St. L. & K. C. Ry. Co. v. Bailey, 145 Ill., 159; Martensen v. Arnold, 78 Ill. App. 336; C. C. Ry. Co. v. Mauger, 105 Ill. App. 584.

In Egbers v. Egbers, 177 Ill. 82-88, it was said: "As said by the learned author of the article entitled 'Burden of Proof' in 5 Am. & Eng. Ency. of Law (2d ed.), the term 'burden of proof' has two distinct meanings: by the one is meant the duty of establishing the truth of a given proposition or issue by such a *quantum* of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a *prima facie* case. (See notes and cases there cited.) Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end."

The term "burden of proof" as used in refused instruction 8 refers to and means, "The duty of establishing the

truth of a given proposition or issue by such a *quantum* of evidence as the law demands in the case in which the issue arises." This burden of proof did not shift during· the trial but remained with the plaintiff to the end. The instruction in question contains an accurate statement of law and should have been given, but in view of the evidence and of the instructions which were given, we do not think that the judgment should be reversed because of the refusal to give instruction 8.

The only instruction for the plaintiff which stated the facts from which, if found for the plaintiff, the jury should find the defendant guilty, was the following:

"3. If the jury believe, from the evidence, that the plaintiff while in the exercise of ordinary care, if you believe from the evidence he was in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendants, if you believe from the evidence defendants were negligent, as charged in the declaration, then you should find the defendants guilty."

For the defendants the jury were instructed by instruction 18 that the burden of proving by a preponderance of the evidence that he was exercising ordinary care for his own safety was upon the plaintiff, and that if the jury believed he did not exercise such care and his failure to do so contributed to his injury, they should find the defendants not guilty; by instruction 19 that if they believed that the injury to the plaintiff was the result of a mere accident which occurred without the negligence of the defendants they should find the defendants not guilty, and by instruction 20 that if they believed that there was no negligence on the part of the defendants in operating the car, but that nevertheless the plaintiff was injured, they should find the defendants not guilty.

The plaintiff was in his proper place on a seat in defendant's car when he was injured and there is no evidence tending to show any negligence on his part. That he was injured in consequence of the collision is shown beyond all doubt by the evidence. The only material disputed question was the

question whether the collision occurred through the negligence of the defendant. The instruction for the plaintiff told the jury that they could find for the plaintiff if they "believed from the evidence that the defendants were guilty of the negligence charged in the declaration." The instructions for the defendants told the jury that if they believed from the evidence that plaintiff's injury "was the result of an accident which occurred without negligence on the part of the defendants" or "that there was no negligence in operating the car," they should find the defendants not guilty. By these instructions the jury were plainly told that in order to find a verdict for the plaintiff they must find as a fact that the defendants were guilty of the negligence charged in the declaration. The evidence is abundant to warrant and support the finding by the jury, implied in their verdict, that the defendants were guilty of such negligence, and we cannot think that such finding would have been different if instruction 8 had been given.

The judgment of the Superior Court will be affirmed.

*Affirmed.*