**J. B. Williams, Defendant in Error, v. Joseph Perlstein, Plaintiff in Error.**

**Gen. No. 16,572.**

1.  STATUTE OF FRAUDS—*original promise to pay may be implied.* In an action by a doctor for services in attending defendant's

daughter-in-law, where defendant pleads the statute of frauds, an original promise to pay may be implied from circumstances, and the question of to whom credit was given is for the jury.

2. STATUTE OF LIMITATIONS—*where evidence as to new promise is conflicting*. In an action by a doctor for services in attending defendant's daughter-in-law, where testimony as to a new promise made within five years is conflicting, the finding of the trial court is conclusive.

Error to the Municipal Court of Chicago; the HON. W. H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 18, 1912.

LOUIS ZIR, for plaintiff in error.

CAMERON & MATSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant in error, Dr. Williams, attended the daughter-in-law of plaintiff in error, Perlstein, from December 26, 1904, to January 6, 1905. Claiming that plaintiff in error promised to pay him for such services, he brought an action against him in the Municipal Court and recovered a judgment for $86, and the defendant prosecutes this writ of error.

The grounds of reversal relied on are that the promise, if made, is within the Statute of Frauds and that the action is barred by the Statute of Limitations.

Plaintiff testified that December 26, 1904, defendant asked him to treat his daughter-in-law, who was about to be confined; that nothing was then said about payment, but that December 28, defendant said to plaintiff that his son was not able to pay anything, and that he would see that plaintiff's services were all paid for. Defendant testified that he sent for plaintiff and said to him: "My son is here on the telephone and wants you to go there on a confinement case," and that he never promised to pay plaintiff for his services. Plaintiff attended the patient December 26 and 27 and up to and including January 6, and recovered

for all the services so rendered. The finding of the court must therefore have been that there was an implied promise by defendant December 26 to pay plaintiff for his services; for if he made an express promise to pay plaintiff December 28, he would not be liable on such promise for services rendered before it was made.

An original promise to pay may be implied from circumstances, and the question to whom the credit was given is always a question for the jury to determine upon all the circumstances of the case. Moshier v. Kitchell, 87 Ill. 18; Brown on Statute of Frauds, sec. 199.

We cannot say that the court might not properly find from the facts and circumstances shown by the evidence that defendant on December 26 requested plaintiff to attend and treat his daughter-in-law, and that an original promise was implied on the part of the defendant to pay plaintiff for the services rendered in pursuance of such request.

Plaintiff testified that in February, 1905, defendant promised to pay him for the services in question the first of April following, and defendant denied that he ever promised to pay plaintiff for such services. Whether the defendant made such new promise within five years was a question for the trial court on which, in view of the conflicting testimony, its finding must be held conclusive.

The judgment of the Municipal Court is affirmed.

*Affirmed.*