## Kitchell Cox, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. INSTRUCTIONS—*must be predicated upon evidence.* An instruction is improperly given which is not predicated upon evidence in the cause. The giving of such an instruction will reverse if calculated improperly to influence the jury.

2. INSTRUCTIONS—*must not submit question of law.* An instruction is improper which leaves it to the jury to determine which are the material allegations in the declaration.

3. INSTRUCTIONS—*when upon exercise of ordinary care, too narrow.* An instruction on this subject is too restricted in its scope if it limits the exercise of care to the precise time of injury. Such an instruction should permit the jury to consider the conduct of the person injured previous to such time.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed November 13, 1909.

CONGER & CONGER and CALLAHAN, JONES & LOWE, for appellant; L. J. HACKNEY, of counsel.

J. C. EAGLETON and P. G. BRADBURY, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee, administrator of the estate of Wilbur Cox, deceased, sued in the Circuit Court of Crawford county to recover damages for the alleged unlawful killing of his intestate. A trial resulted in a verdict and judgment in favor of appellee and appellant brings the cause here for review.

Originally the declaration contained six counts. The fourth and fifth counts having been taken from the consideration of the jury, the cause was tried on the remaining counts.

The first count charges in substance that the deceased, Wilbur Cox, was in the employment of appellant as assistant station agent at Flat Rock; that it was his duty to take the numbers of cars on the tracks there and that while he with due care was on one of such tracks in the discharge of his duties of taking car numbers, the appellant by its servants so carelessly and improperly managed its engine and train by quietly and without any signal or warning, moving and backing it against Cox, that it caused his death.

The averments of the second, third and sixth counts are substantially like the first except the negligence charged in the second is that of the engineer in backing the train without giving any signal or warning. In the third, the negligence charged is that of the conductor and brakeman in failing to keep a sufficient lookout and in failing to be so situated that in the man

agement of the train in moving it backward, they could have seen Cox and signalled the engine to stop, whereby he was struck and killed.

The negligence charged in the sixth count is that of the engineer and conductor in the management of the train by quietly without ringing a bell or sounding a whistle or without giving any signal or warning, they caused the engine and train to be moved and backed upon Cox causing his death.

On May 13, 1907, Cox was run down and killed while standing on or near one of appellant's tracks at Flat Rock station by a train of appellant. Deceased was seventeen years of age and had been employed by appellant as assistant agent at Flat Rock about three weeks. His duties were to take the numbers of cars coming in or going out of that station and report them. It was his duty, if he saw a car the number of which had not been taken, to take it. The practice was to take the numbers daily, generally as the deceased came from dinner. He had been seen taking the numbers along the same place where he was killed, before. At Flat Rock station there were three parallel tracks called the new main, old main or switch, and old switch. Between the two main tracks there was a distance of ten or twelve feet and between the old main and switch track, a distance of about eight feet. These tracks ran north and south. On the day of the accident, the deceased immediately after dinner left his boarding place east of the tracks and walked out between the tracks. A witness testifies he had a book and would stop about every length of a car, look at the car, and write something in his book. There is a conflict in the testimony whether he was taking the numbers of cars then standing on the old switch or the numbers of cars of a freight train moving out over the old main track, and also upon which track he was at the time. While thus upon one of the tracks, the work train backed down, came in collision with Cox and he was killed. There is a conflict in the evidence as to

476     APPELLATE COURTS OF ILLINOIS.

Cox, Admr., v. C. C. C. & St. L. Railway Co., 151 Ill. App. 473.

whether he was at that time required to be present there in the performance of his duty and also the care exercised by him for his own safety under the circumstances.

The alleged negligence of the defendant in the management of the train by failing to have a lookout and to give warning and signals as required by the rules for the government of employes, is a matter upon which there is also a conflict in the evidence. We are of opinion, however, that the testimony tended to prove the material averments of the declaration and the court in refusing the motion of the defendant to direct a verdict at the close of the evidence, committed no error.

It is contended the court erred in giving the first, second, third and fourth instructions upon request of appellee. The first of these instructions, among other things, told the jury that in assessing damages in case the issues were found for appellee, the jury should consider "whether the deceased performed or did not, cheerfully and promptly, the tasks set before him." It was wholly immaterial under the issues involved whether he so performed his tasks or not. A material question was whether he was at the place in the performance of his duties as an employe and rightfully there and whether he performed such duties cheerfully and properly, made no difference either in his obligations or in his employer's. There was no evidence upon which to base this language in the instruction and as it was calculated to enhance the damages which were the full limit of the *ad damnum,* it was error to give it.

Instruction number four was as follows:

"The court instructs the jury that the plaintiff is not compelled to prove by a preponderance of the evidence all the material averments in each count of his declaration but that if he prove by a preponderance of the evidence all of the material averments in any one of the several counts of his declaration, then you should find for the plaintiff."

This instruction leaves to the jury to determine what are the material averments in the declaration and as this is a question of law, the instruction was erroneous. T. St. L. & K. C. R. R. Co. v. Bailey, 145 Ill. 159; Baker & Reddick v. Summers, 201 id. 52; Kehl v. Abram, 210 id. 218; Casey v. C. C. Ry. Co., 237 id. 140.

There are no other instructions in the case fully informing the jury what were all the material facts necessary for plaintiff to prove to entitle him to recover, so the error was not cured.

It is objected that appellee's instruction number three limits the consideration of the jury respecting the care to be exercised by deceased to the time of the injury, ignoring the question why he happened to be there and whether it was in the exercise of care that he went on the tracks at all.

We think the instruction under the circumstances too narrow. It limits the question of care to the time of the injury regardless of the conduct of deceased in placing himself upon the tracks,

We are also of opinion that the assumption of risk by the deceased was in issue and since there was no allegation in the declaration that he did not assume the risk, appellee's instructions 2, 3 and 4 were in this respect erroneous. They were based upon the proposition that if the deceased was in the exercise of care and was injured by the appellant as charged, appellant should be found guilty. These instructions should have also contained the elements that deceased did not assume the risk.

For the errors indicated, the judgment is reversed and the cause remanded to the Circuit Court for a new trial.

*Reversed and remanded.*