## John J. Boyd, Appellee, v. David A. Kimmel, Appellant.

1. INSTRUCTIONS—*when do not leave questions of law to jury.* Although it is a practice not to be commended for the court to refer the jury to the declaration for the issues, it has not been considered error to make such reference where the instruction requires proof of the averments of the declaration. To tell the jury that the plaintiff is entitled to recover if he has proven his case "as charged in the declaration" is not the equivalent of telling the jury that the plaintiff is entitled to recover if he has proved the material allegations of his declaration.

2. INSTRUCTIONS—*what proper in action for trespass.* An instruction which tells the jury that in order to maintain an action for trespass it is only necessary for the plaintiff to prove by the greater weight of the evidence that he was in the actual and

peaceable possession of the property upon which the trespass is alleged to have been committed and that the defendant unlawfully interfered with such possession, is proper, where it is limited by a direction as follows: "unless the defendant has proven that he was the owner of the same premises" at the time or times of such trespass or trespasses.

3. PLEADING—*effect of plea liberum tenementum.* A trespass is not admitted by a plea of *liberum tenementum* where a plea of not guilty is also filed.

Trespass. Appeal from the County Court of Union county; the Hon. M. C. CRAWFORD, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

WILLIAM D. LYERLE, for appellant.

JAMES LINGLE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee instituted this suit in the County Court of Union county to recover damages alleged to have been caused by appellant by removing and relocating certain division fences, between certain lands owned by them respectively.

The declaration was in trespass, to which pleas of the general issue and *liberum tenementum* were filed. A demurrer to the latter plea having been overruled by the court, replication was filed thereto by appellee.

It was admitted upon the trial that in the year 1908, prior to the commencement of this suit, appellant took down the division fences in question and moved them some distance on the land owned by appellee and relocated them.

The only substantial question in issue was as to the true location of the lines between the lands owned by the respective parties. Appellant contended that the lines were properly established by a survey made by one Koenig in the year 1870, while appellee contended the correct lines were established by a survey made in 1907 by Townsend and Frizzell. The jury returned

a verdict finding the Townsend-Frizzell survey to be correct and that defendant was guilty and assessing plaintiff's damages at $15. The court below having overrruled a motion for a new trial, made by appellant, entered judgment in favor of appellee for said damages of $15, and costs, from which an appeal was taken to this court. When the case was considered here we were of opinion that under the pleadings in the case, as well as by the manner of trial, a freehold was involved and the cause was therefore transferred to the Supreme Court for determination. That court, however, held that the County Court did not have jurisdiction to try a case involving a freehold and render a judgment binding as to the title, but that it did have jurisdiction to hear an action for damages, not exceeding $1,000 for injury to real property; that while a freehold was incidentally involved in this litigation, no judgment could rightfully be rendered that either party was possessed of a freehold under any possible evidence. The transcript and files in the case were therefore directed to be transferred to this court.

Upon the trial in the court below, the question of the location of the true lines between the premises of the respective parties was fully presented to the jury and a considerable amount of evidence relating thereto was introduced. It is unnecessary for us to review the testimony of the several witnesses upon this subject, but it is sufficient to say, that the finding of the jury that the "Townsend-Frizzell" survey was the correct one and established the true division line, was a reasonable finding under the proofs.

Appellant complains that there was error on the part of the trial court in giving appellee's instructions one, two and four. The first of these instructions stated that plaintiff was entitled to recover, "If he has proven the trespasses or either of them in manner and form as charged in the declaration, by the greater

weight of the evidence or the preponderance thereof, no matter how slight that preponderance is, unless the defendant has shown by the evidence that he was the owner at the time in question of the land where said trespass was committed. That the plaintiff in order to recover is not required to establish his case or prove the same beyond a reasonable doubt."

Appellant's criticism of this instruction is that it leaves the jury to determine what allegations of the declaration are material and he refers to R. R. Co. v. Bailey, 145 Ill. 159, and Baker v. Summers, 201 Ill. 52, as supporting his position. In the former case the court gave an instruction to the effect that if the jury found "all the material allegations of the declaration" were proved, they should find for the plaintiff and while the instruction was condemned for the reason that what constituted the material allegations of the declaration, was a question of law, the case was not reversed on that account for the reason that other instructions given fully informed the jury what was necessary to be proven to entitle the plaintiff to recover and without the proof of which no recovery could be had. The instruction we have under consideration in this case did not refer to the "material" allegations of the declaration and its sole purpose was to inform the jury as to the weight of the evidence required to prove the trespass. Other instructions in the case informed them correctly as to the real question of fact they were called upon to determine. In the second of said cases, an instruction also authorized the jury to base their finding upon proof of the material allegations of the declaration and the court said "there was no instruction telling the jury what the material allegations of the several counts were and what were the material allegations, was a matter of law for the court. Although it is a practice not to be commended for the court to refer the jury to the declaration for the issues, it has not been consid-

ered error to make such reference where the instruction requires proof of the averments of the declaration. The proper method is for the court to inform the jury by the instructions in a clear and concise manner as to what material facts must be found to authorize a recovery."

These requirements seem to have been fully complied with in the series of instructions given in this case and objection to the instruction in question is therefore without substantial force.

Appellee's second instruction informed the jury that appellant by his second plea, which was *liberum tenementum,* confessed the trespasses charged but claimed that he was the owner of the place in question, and therefore had a lawful right to commit said trespass. This instruction was not strictly correct, as a trespass is not admitted by a plea of *liberum tenementum* where a plea of not guilty is also filed. Street R. R. Co. v. Morrison, 160 Ill. 288.

In this case the entry of appellant upon the premises claimed by appellee and the doing of the acts charged against him were admitted as a matter of fact upon the trial and the jury could not have been misled by the instruction. They were compelled necessarily, under the uncontroverted proofs, to find appellant guilty, if they fixed the division line in accordance with the claims of appellee as they did.

The complaint of instruction No. 4 is that it erroneously told the jury that in order to maintain an action for trespass it was only necessary for the plaintiff to prove, by the greater weight of the evidence, that he was in the actual and peaceable possession of the property upon which the trespass is alleged to have been committed and that the defendant unlawfully interfered with such possession.

Appellant rightfully asserts that it is a rule of law that the owner may retake his property from a wrongful holder in a peaceable manner, without committing

Fourth District—April, 1911.     211

a trespass. This instruction, however, is not subject to the objection urged against it, for the reason the condition contained in the instruction, is that plaintiff would be entitled to recover in such case "unless the defendant has proven that he was the owner of the same (premises) at such times." This proviso contained in the instruction effectually disposes of the objection presented to the same by appellant. A careful consideration of the whole record fails to disclose any reversible error committed in the trial of the cause. The judgment of the court below will be affirmed.

*Affirmed.*