Smith v. Clark & Whiting.

12   32
132   71

----

## SMITH v. CLARK & WHITING.

1. EVIDENCE: ACCEPTANCE. In an action against the drawees of a bill of exchange, the payee, who was the plaintiff, relied upon parol acceptances made by the defendants. *Held* that evidence showing that it was the custom of defendants, in accepting drafts, to always do so in writing, and to charge the same to the drawer and credit the same to the drawee, on their books, was admissable as tending to show that the acceptances were not made.

2. SAME: ALLEGATION. Where the plaintiff in the petition alleged generally that the defendant "accepted and agreed, and undertook, and promised to pay him the amount of three certain checks or drafts;" It was held that, evidence tending to show either an express or implied promise was admissable.

*Appeal from Henry District Court.*

THURSDAY, JUNE 6.

PLAINTIFF sued before a justice of the peace, stating his cause of action in the original notice thus: "That you *accepted and agreed and undertook and promised* to pay him the amount of three certain. checks or drafts drawn on you by W. B. Sweet, two of which are," &c. Judgment for plaintiff before the justice, from which defendants appealed; and being successful in the district court, plaintiff appeals to this court.

*A. H. Bereman,* for the appellant, to the second point determined in the opinion of the court, cited 3 Kent. Com. 83; *Miller* v. *Best,* 4 Camp. R. 393; *Pierson* v. *Dunlap,* 5 Camp. 571; *Stone* v. *Murphy,* 2 Iowa, 35.

*Clark & Doolittle,* for the appellee. 1. A conditional acceptance is not binding upon the drawee when it does not appear that the plaintiff relied upon such acceptance. Story on Bills, p. 266, § 240; *Moore* v. *Pierson et al.* 6 Iowa, 279. 2. The notice claims under an *express* acceptance. Cow. Treatise, § 215, *et seq;* Chit. on Bills, 197.

WRIGHT, J.—Plaintiff assigns for error, the admission of certain testimony, and the giving and modification of certain instructions.

I. From the obscure record before us, it seems that plaintiff relied upon an oral, and not a written, acceptance of the drafts by the defendants. Defendants proposed to prove, against plaintiff's objection, and did prove, that it was their custom in accepting drafts to always do so in writing, and to charge the same to the drawer and credit the same to the drawee on their books. Appellant insists that this testimony was improper, as tending to establish a custom to bind him, without knowledge on his part of its existence.

Suppose it was offered, however, for the purpose of throwing light upon the question, whether there was or was not an acceptance as claimed by plaintiff? That it would be pertinent and justly be entitled to weight for this purpose, we entertain no doubt. And being proper for one purpose, the court did not err in its reception, however improper it might have been for another.

II. Without referring to them in detail, we state generally that we see no fair ground of objection to the modifications annexed to the instructions asked by plaintiff. The first and second instructions given at the request of defendants, however, we think are erroneous, and for this error the case must be reversed.

These instructions are: 1. The plaintiff must rely upon his statement of cause of action as set forth in his original notice, which claims to recover under an *express acceptance* and agreement to pay three checks, which are discribed therein. 2. The plaintiff then can only recover on proof of *such* acceptance and agreement of defendants to pay said checks. We do not understand from the statement of the cause of action by plaintiff in his original notice, that he relies upon an express promise or acceptance. Any proof which would establish the fact that there was an acceptance or agreement to pay the checks, whether by implication, or from the use of express words, would be sufficient. It is as if plaintiff, under the common counts, had sought to recover for work and labor done or goods sold and delivered. While in such counts he avers a promise to pay, he recovers without proof of an express promise, if he makes such proof as that the jury may conclude an implied one. So here, if defendants took the drafts into their possession and under their control for a great length of time; or if they by their acts gave credit to these drafts; or so conducted themselves in reference to them, as to induce plaintiff to conclude that they had accepted them, or to prevent his protesting them; from these and many other circumstances, an acceptance, or

promise to pay the drafts, might be implied. And being thus a promise, raised by legal implication, would be as valid and binding as though ever so express. If plaintiff had counted upon an express, unconditional undertaking, he could not prove a conditional one. But when he declares generally upon an acceptance or promise to pay, he need not prove that it was express. If from the facts established the law implies the promise or acceptance, it is sufficient.

Judgment reversed.