The Toledo, St. Louis and Kansas City Railroad Company

*v.*

Rosanna Bailey.

*Filed at Mt. Vernon, April 4, 1893.*

1. Negligence—*explosion of an engine—proof of skill and care of person killed.* Where the engineer and firemen are killed by the explosion of the boiler of an engine, and there are no other persons cognizant of the manner in which the engineer was managing the locomotive at the time, in an action to recover for the killing of the engineer, it is competent to admit evidence tending to show that the deceased was a competent and careful engineer, for the purpose of rebutting any presumption arising from a want of skill on his part. So, also, it is competent to show the habits of the deceased in respect of care and caution, as tending to raise the presumption that he was in the exercise of due care and caution.

2. Same—*proof of reputed condition of an exploded engine.* In an action to recover for the killing of one by the explosion of an unsafe engine, the court admitted evidence tending to show that the engine was regarded as dangerous, generally, by employés of the defendant company in the railroad yards where it was used as a switch engine. The other evidence clearly showed that the steam gauge and stop valves were so out of repair as to be practically useless, and that many of the stay rods inside the boiler were broken, and that the boiler was in other respects unsafe and insecure: *Held*, that the evidence of the reputed condition of the engine could not have been prejudicial to the defendant.

3. Evidence—*controlling by instructions.* If evidence is admissible for any purpose, it should be admitted; and if it is improper for other purposes, its effect should be controlled by instructions.

4. Instructions—*need not be repeated.* Where every legal proposition applicable to the facts, contained in instructions refused, is given

in other instructions, there will be no error in the refusal, as the court is not required to repeat instructions to the jury.

5. Same—*submitting questions of law to the jury.* In an action to re-cover damages for causing the death of plaintiff's intestate, through negligence, the court instructed that if the jury found that "all the material allegations of the declaration were proved," they should find for the plaintiff, etc.: *Held,* that the instruction was erroneous, as what were the material allegations of the declaration was a question of law.

6. Error Will Not Always Reverse—*curing defects in instructions by others.* But in such case where the court instructs the jury to find for the plaintiff, if they found that "all the material allegations of the declarations were proved," and the court in six other instructions given for the defendant informed the jury what was necessary to be proved to entitle the plaintiff to recover, it was held that the error in the first instruction was rendered harmless by the others so given.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair County; the Hon. B. R. Burroughs, Judge, presiding.

Mr. H. A. Neal, Messrs. Merrick & Rhoads and Mr. Clarence Brown, for the appellant:

An employé can not recover for an injury received through defective machinery, of which he had notice: *Chicago, Milwaukee & St. Paul Railway Company* v. *Stantart,* 16 Bradw. 145; *Camp Point Manufacturing Co.* v. *Ballou,* 71 Ill. 417; *Chicago & Alton R. R. Co.* v. *Munroe,* 85 Ill. 25; *Chicago & Northwestern Ry. Co.* v. *Donahue,* 75 Ill. 106; *Moss* v. *Johnson,* 22 Ill. 633; *Illinois Central R. R. Co.* v. *Cox,* 21 Ill. 20; *Midland R. R. Co.* v. *Barber,* 4 Ohio State, 541; *Wright* v. *New York Central R. R. Co.,* 25 N. Y. 562; *Chicago & Northwestern Ry. Co.* v. *Taylor,* 69 Ill. 461; *Chicago & Eastern Illinois R. R. Co.* v. *Geary,* 110 Ill. 383.

The court erred in giving appellee's first instruction. It left it to the jury to find what were the material allegations of the declaration, which is a question of law. *Henderson* v. *Henderson,* 88 Ill. 248.

The court erred in refusing appellant's instructions 7, 8, 9 and 11, and also in the admission of evidence.

Mr. J. M. Hay and Mr. B. H. Canby, for the appellee:

Appellee's first instruction is criticized. It is a proper instruction, under the ruling in *C. & M. Ry. Co.* v. *Porter*, 92 Ill. 438; and *Ladd* v. *Pigott*, 114 Ill. 647.

The instructions given for appellant fully cover every principle embodied in those refused.

The evidence of reputation was properly admitted, for the purpose of showing that the persons having charge of the machinery knew, or ought to have known by reasonable diligence, that this locomotive was not safe. *C. & A. R. R. Co.* v. *Shannon*, 43 Ill. 343.

It is urged that it was error for the court to allow witnesses to testify deceased was a competent engineer. The questions asked and answered were what kind of an engineer was he in regard to carefulness, prudence and competency. If he was unskillful and incompetent, it would be negligence on his part to attempt to run an engine at all. *C., R. I. & P. Ry. Co.* v. *Clark*, 108 Ill. 113.

Mr. Justice Shope delivered the opinion of the Court:

This was an action brought by the administratrix of Michael Barrett, deceased, to recover damages for having negligently caused his death. The negligence charged consisted in furnishing an unsafe and insecure locomotive engine boiler, which exploded, causing the death of Barrett, while he was operating the same, as an engineer, with proper care and caution. There was verdict, and judgment thereon, for $3,000, for plaintiff, which, on appeal to the Appellate Court, was affirmed.

It is insisted that the court erred in giving an instruction, for the plaintiff, to the effect that if the jury found that "all the material allegations of the declaration" were proved, they should find for the plaintiff, etc. The instruction was undoubtedly erroneous. What were the material allegations of the declaration was a question of law, and it was

11—145 Ill.

error to submit to the jury to find what were and were not material allegations.   We are of opinion, however, that, in this case, the giving of this instruction could not have prejudiced appellant.  Six instructions were given on behalf of appellant, which fully informed the jury what it was necessary to prove to entitle the plaintiff to recover, and without the proof of which no recovery could be had.   It is impossible that the jury could have been misled by this instruction, to the prejudice of appellant.

It is also insisted that the court erred in refusing the 7th, 8th, 9th, 11th and 12th instructions asked by appellant.   The 7th refused instruction is fully covered by the 1st given.  · Every legal principle applicable to the facts, contained in the 8th and 9th instructions, was fully stated as favorably as appellant could ask, in the 3rd, 5th and 6th instructions given.   And the same is true of the 11th and 12th instructions refused.   Every legal principle, in practically the same language, material under the facts, was given.   It is a familiar rule that the court is not required to repeat instructions to the jury.

It is also objected that the court erred in admitting the evidence tending to show that the deceased was a competent and careful engineer.   It appears that the engineer and fireman in charge of the locomotive were killed by the explosion, and there were no other persons cognizant of the particular manner in which the engineer was managing the locomotive at the time.   The jury might very well have found, as a fact, if Barrett had been unskillful and incompetent, that his attempt to run and operate the engine was negligence.   We are of opinion that it was not error for the plaintiff to rebut any presumption arising from want of skill on his part.   And especially is this so where, from the death of every person who could know of the degree of care and skill exercised in the operation of the locomotive, it was impossible for the plaintiff to prove affirmatively the exercise of due care and caution.   And so, in

respect of the evidence tending to show that Barrett was habitually careful and cautious as an engineer, in and about the operation of his engine.   This evidence was admissible under the authority of *Chicago, R. I. & P. R. R. Co.* v. *Clark*, 108 Ill. 113, as tending to raise the presumption that he was in the exercise of due care and caution at the time of the explosion.

It is also objected, that the court permitted evidence tending to show that the engine was regarded as dangerous, generally, by employés of the railroad company in the railroad yards where it was used as a switch-engine.   This evidence, as said in *C. & A. R. R. Co.* v. *Shannon, Admr.*, 43 Ill. 343, was admissible as tending to show that the persons in charge of the machinery and appliances of appellant's road knew, or by the exercise of reasonable diligence might have known, of its dangerous condition.   If the evidence was admissible for any purpose, it should have been admitted; and if improper for other purposes, appellant could have controlled its effect by instructions, if it had seen proper to ask them.   But, in any event, it seems impossible that this evidence could have been prejudicial. The evidence clearly shows that the steam gauge and stop-valves were so out of repair as to be practically useless; many of the stay-rods inside of the boiler were broken, and the boiler in other respects was unsafe and insecure.

The question of fact having been settled adversely to appellant by the judgment of the Appellate Court, and there being in this record no such prejudicial error of law as should operate to reverse its judgment, the judgment of that court is affirmed.

*Judgment affirmed.*