MARY DALTON, Administratrix of JAMES E. DALTON, Deceased, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**Action for Death:** PRESUMPTION AS TO DUE CARE. Where, in an action to recover for the killing of a person, at a railway crossing, plaintiff requested an instruction that, in the absence of direct evidence of decedent's conduct, the law presumes him to have been in the exercise of due care, until the contrary appars, which presumption should be considered, in connection with the facts and circumstances disclosed by the evidence, in determining whether he was in the exercise of ordinary care, there was no error of which plaintiff could complain in the court instructing that, in the absence of direct evidence of decedent's conduct. the law presumes that he exercised ordinary care, until the contrary appears, but such presumption does not control if, from the whole evidence, it appears that decedent, in the exercise of ordinary care, could have avoided the collision by stopping, looking and listening.

CONTRIBUTORY NEGLIGENCE: *Sleep.* Where, in an action for the killing of a person at a railway crossing, there was no evidence that his condition was not self-imposed, it was not error to instruct that, if he was asleep when driving over the crossing, he was guilty of negligence which would prevent recovery, though such instruction made no distinction between voluntary and involuntary slumber.

*Same—Evidence.* Where, in an action for killing of a person at a railroad crossing, it was claimed that he was asleep, in his buggy when he drove on the track, it was error to admit evidence of isolated instances of his being found asleep in his buggy.

VOL. 114 Ia—17

*Proving habit of sleep.* The evidence was not admissible to show decedent's habit of falling asleep, since the habit cannot be proven by evidence that the party had previously done the same thing.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

SATURDAY, MAY 25, 1901.

ACTION at law to recover damages for the death of James E. Dalton, due, as is alleged, to the negligence of the defendant. The case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.— *Reversed.*

*I. M. Earle* for appellant.

*Carroll Wright, C. A. Carpenter,* and *Robert Mather* for appellee.

DEEMER, J.—This is a second appeal. The opinion on the first will be found in 104 Iowa, 27, where enough of the facts are stated to show the basis of the first assignment of error. On the second trial the case went to a jury, and the court instructed in one paragraph of the charge as follows: "In the absence of direct evidence of the conduct of deceased upon approaching the track of defendant's railway, the law presumes, from the natural instinct of persons to avoid danger, that he exercised ordinary care and prudence, until the contrary appears, but the presumption thus created applies only when there is no direct evidence; nor will it be permitted to control if, from the whole evidence, it appears that the decedent, in approaching the defendant's track in the exercise of ordinary care and prudence, could, by stopping, looking, and listening, have avoided the collision with defendant's locomotive." This instruction is complained of. Conceding, for the purpose of the case, that it is erroneous, yet, as plaintiff requested the

court to give the following, among other instructions: "And you are therefore instructed that in the absence of direct evidence of the conduct of decedent, the law presumes, from the natural instincts of persons to avoid danger, that decedent was in the exercise of ordinary care, until the contrary appears; and you are to consider this presumption, in connection with all the facts and circumstances disclosed by the evidence, in determining whether deceased was in the exercise of ordinary care in approaching the crossing where the collision occurred"—which, in effect, announces the same rule as that given by the court, there was no error of which plaintiff may complain.

II.   The eleventh paragraph of the charge reads as follows: "If it appears from the evidence that James E. Dalton was asleep when driving on Linn street to defendant's tracks, such fact, if shown by the evidence, would constitute negligence on the part of the said Dalton as to prevent recovery." This is said to be erroneous, for the reason that no distinction is made between voluntary and involuntary slumber. As applied to the facts, the instruction was not erroneous; for there was no evidence tending to show that intestate's condition was not self-imposed. So far as shown, his condition was due to his own voluntary antecedent conduct.

III.   Witnesses were permitted to testify, over plaintiff's objections, to isolated instances when plaintiff's intestate was found asleep in his buggy. This evidence was admitted on the theory, we suppose, that it would tend to show he was asleep at the time he was struck by the train, or perhaps to show his habit in this respect. Such evidence was clearly inadmissible. Rarely, if ever, may previous isolated instances be shown, to prove a condition existing at the particular time in question. Evidence of this kind tenders collateral issues that the other party is not prepared or expected to meet, and is directed to points not directly in issue. Moreover, the circumstances surround-

ing these instances may not have been the same as those surrounding the main fact in dispute. . We are not to be understood as holding that the habits of one whose conduct is in question may not be shown in certain cases, but such habits are not to be proven by evidence that he previously did the same thing. *Baker v. Irish,* 172 Pa. 528 (33 Atl. Rep. 558); *Thompson v. Bowie,* 4 Wall. 463 (18 L. Ed. 423); *Carr v. Railroad Co.,* 163 Mass. 360 (40 N. E. Rep. 185); *Eppendorf v. Railroad Co.,* 69 N. Y. 195 (25 Am. Rep. 171); *Langworthy v. Green Township,* 88 Mich. 207 (50 N. W. Rep. 130); *Hudson v. Railroad Co.,* 59 Iowa, 583; 1 Greenleaf, Evidence, section 52; *Kennedy v. Spring,* 160 Mass. 203 (35 N. E. Rep. 779); *Grenno v. Roark,* 8 Kan. App. 390 (56 Pac. Rep. 329). The cases relied on by appellee, *Railroad Co. v. Bailey,* 145 Ill. 159 (33 N. E. Rep. 1089, and *Railway Co. v. Clark,* 108 Ill. 113, are not in' point. In each case the evidence adduced and held competent related to the habits of the deceased, and in neither were there eyewitnesses of the main transaction. For the error pointed out, the judgment must be again REVERSED.