ALICE RICHARDSON, Administratrix, Appellee, v. CITY OF SIOUX CITY, Appellant.

EVIDENCE: Identity of Persons—Relevancy. On the issue whether
1  the deceased, a hackman, was intoxicated at the time of the accident, evidence that, an hour and a half prior to the accident, a hackman who was not intoxicated was seen within three blocks of the place of the accident, with no further evidence of the identity of the two men, is wholly irrelevant.

EVIDENCE: Presumptions—Sobriety. The law indulges in the pre-
2  sumption of sobriety, and this is not overcome by the fact that intoxicating liquor was found in the vehicle which deceased was using at the time of his death.

**TRIAL: Reception of Evidence—Sufficiency.** Error cannot be predicated on the partial exclusion of documentary evidence when the same was received in so far as material. So held where, on the trial of an action for damages for death, certain pending indictments against deceased were offered as bearing on his power to earn and save money, the indictments being excluded, the court correctly stating to the jury what charges were preferred against deceased in the excluded indictments and the purpose for which the same were received in evidence. .

**TRIAL: Instructions—Applicability to Evidence—Earning Power of Deceased—Lawful and Unlawful Pursuits.** A requested instruction directing the jury to exclude all consideration of the earnings of deceased in *unlawful* pursuits is sufficiently covered by an instruction limiting the jury to a consideration of the earnings of deceased in *lawful* pursuits only, there being no evidence that deceased received any income from his conduct in pandering to immorality.

**TRIAL: Verdicts—$4,000—Excessiveness—Death.** Verdict of $4,000 sustained as not excessive. Deceased was 49 years old, industrious, in fair health, was earning from $20 to $25 per week and supporting his wife and daughter. Prior to his death, he had accumulated $800, which ultimately was invested in horses which died. Had no property when he died.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, OCTOBER 20, 1915.

ACTION, for damages consequent on alleged negligence causing the death of Wm. O. Richardson resulted in a verdict and judgment for plaintiff. The defendant appeals.—*Affirmed.*

*Schmidt & Pike* and *Sam Page,* for appellant.

*C. N. Jepson* and *Henderson & Fribourg,* for appellee.

LADD, J.—The evidence was such as to warrant a finding that plaintiff's intestate, while driving a team of horses hitched to a hack, was precipitated over a steep embankment and killed, at or near the intersection of Fowler Avenue and

South Linn Street in Sioux City, Iowa, and that this was in consequence of the negligence of the city in failing to provide a barricade or warning of the danger in traveling the street at this point. The accident occurred shortly after 10 o'clock in the evening of March 10, 1913. In the hack, which was on deceased, were found two or three bottles of beer and a broken whisky bottle, which apparently had been under the seat.

I. Several errors are assigned, among them a ruling on the admissibility of the testimony of Mrs. Hixon. She testified that a hackman had brought to her house, some three blocks beyond the place of the accident, three adults and five children, at about 8:30 o'clock in the evening; that the driver was there about five minutes, during which time she conversed with him, but did not know who he was. She was then asked:

1. EVIDENCE: identity of persons: relevancy.

Q. "What do you say as to whether this hackman was under the influence of intoxicating liquor that night or not, if you know?" (Defendant objects for the reason no proper foundation has been laid, to show the conversation had was with deceased. Objection overruled. Defendant excepts.)

Court: "Did he appear to be under the influence of intoxicating liquor that night or not?" A. "No, sir, he did not."

The ruling was erroneous. Even though the hackman probably would return to the city past the place of the accident, it could hardly be inferred that he would be one hour and a half in traveling three blocks, nor is there anything in the record tending to show that this particular hackman was the deceased. But we are inclined to regard the ruling as without prejudice. Everyone is presumed, until the contrary appears, to be sober, and there is no evidence in this record tending to show that the deceased was otherwise. True, liquor was found in the hack; but without more, it could not well have

2. EVIDENCE: presumptions: sobriety.

been inferred from this alone that he had been drinking excessively. In view of the entire record, we are satisfied that appellant was not prejudiced by the introduction of this evidence.

II. Three indictments returned by the grand jury of Woodbury county against the deceased were identified and offered in evidence, and also two indictments returned by the grand jury in the Federal court. Those in the Federal court were for selling intoxicating liquors to an Indian and for selling same without a license; while in the state court, the charges were for keeping a house of ill fame and maintaining a liquor nuisance. The offenses charged in the indictments appeared either from a statement made by the court under agreement or from the evidence. On objection, the indictments were excluded. There was no error in this; for the jury were informed precisely what charges had been lodged against decedent and as fully as though the indictments had been read to them. The purpose of this evidence was to enable the jury to take into account, as they were instructed, "the effect, if any, of the several indictments pending against him, may have had in diverting his time and attention from legitimate work and business and the time and money, if any, he would have been required to expend in defending against the same". For this purpose, a statement of the several charges was as effective as would have been the introduction of the indictments, and there was no error in the ruling.

3. TRIAL: reception of evidence: sufficiency.

III. The defendant requested the court to instruct the jury that they might not "take into consideration earnings which he made in any unlawful occupation or business"; and further, that, if they found that any portion of his earnings was made unlawfully and "were unable to determine what proportion is legitimate, then there is no evidence upon which to base a verdict against defendant— and the verdict should be for a nominal sum only". The

4. TRIAL: instructions: applicability to evidence: earning power of deceased: lawful and unlawful pursuits.

court refused to give the instruction and, in that given, limited the jury to the consideration of his earnings in legitimate employments or occupations. Evidence was introduced, tending to show that he had pandered to immorality and sold intoxicating liquors illegally, but there was no showing of any receipts from illegitimate pursuits. On the other hand, there was evidence tending to show that he had been married 14 years, that he was supporting his wife and daughter, that he had been an industrious man, earning fair wages, and, during the last two years, from $20 to $25 per week. The record was such that, even though he may have been without property, the jury might have allowed a substantial sum as damages to his estate, and was sufficiently restricted in the instructions against the consideration of illegitimate earnings in making up its verdict.

IV. The verdict returned was for $4,000, and it is said that this is excessive. Decedent was 49 years old and had an expectancy of 18.739 years. He had no property at the time of his death, but, a few years previous, had accumulated $800 and paid on a house, and later exchanged this for horses, which subsequently died. He appears to have been an industrious man and to have spent most of his evenings with his family, and the jury might have found him in fair health. Under these circumstances, we do not regard the verdict as excessive.—*Affirmed.*

5. TRIAL: verdicts: $4,000: excessiveness: death.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.