IN RE ESTATE OF EDWARD J. HILL.

JESSIE V. GAARD, Administratrix, Appellant, v. FIRST TRUST & SAVINGS BANK OF FORT DODGE et al., Administrators, Appellees.

**NEGLIGENCE:** Acts Constituting—Evidence—Sufficiency. An allega-
1 tion of negligence may not, of course, be established by evidence which simply leads one into the field of conjecture and speculation. So held as to an accident in which all the occupants of an automobile were killed, and as to which there were no eyewitnesses.

**EVIDENCE:** Opinion Evidence—Habits of Person—Conclusion. An
2 opinion as to "what kind of a driver" the operator of an automobile was, is an unallowable conclusion.

**EVIDENCE:** Competency—Careless Habits. The carelessness and in-
3 competency of a person as the operator of an automobile may not be shown by his reputation, nor by specific instances of carelessness and incompetency having no similarity with the occasion in question.

Headnote 1: 29 Cyc. p. 623. Headnote 2: 22 C. J. p. 485. Headnote 3: 22 C. J. p. 477 (Anno.); 28 Cyc. p. 47 (Anno.)

Headnote 1: 20 R. C. L. 181. Headnote 2: 11 R. C. L. 615. Headnote 3: 11 R. C. L. 615.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

APRIL 6, 1926.

OPINION ON REHEARING DECEMBER 16, 1926.

Action in tort to recover damages based on negligence. The opinion states the facts. Upon the conclusion of the plaintiff's testimony, defendants filed motion for a directed verdict, which was sustained. From the judgment entered, plaintiff appeals.—*Affirmed.*

*Hanson & Schaupp,* for appellant.

*C. A. Bryant* and *Price, Burnquist & McCall,* for appellees.

DE GRAFF, C. J.—I. This is a railroad crossing case, but the railroad company is not a party in interest. The plaintiff, however, has introduced the railroad by reason of the logic of the written argument, in that it is contended that, *had* the defendants' decedent commenced an action against the railroad to recover damages predicated on the negligence of the railroad, the cause of action would fail by virtue of his contributory negligence; therefore, such contributory negligence became the primary negligence upon which plaintiff is entitled to base an action to recover damages against the defendants. This claim, however, is not the controlling consideration, and deserves but brief mention.

1. NEGLIGENCE: acts constituting: evidence: sufficiency.

Two men, C. B. Gaard and E. J. Hill, were killed in the same accident, and the administratrix of the estate of C. B. Gaard instituted suit for damages against the administrators of the estate of E. J. Hill. The petition alleges, in substance, that Hill was guilty of negligence in driving an automobile across a railroad track in front of an approaching train, and that Gaard was free from contributory negligence. Plaintiff's case is bottomed on the theory that Hill was the driver of the automobile at the time of the accident, and that Gaard was the invitee of Hill, as guest or passenger in said automobile.

There were no eyewitnesses to the accident, and there is no testimony as to how the accident happened. Plaintiff relies wholly on the circumstances and physical facts, as revealed after the accident. Plaintiff's case is based on presumption and inferences, and the propositions present several pathways leading to fields of speculation and conjecture.

As in all cases of this character, there are two primary questions: (1) Has the plaintiff sustained the burden of proof as to the negligence charged against the defendants' decedent? (2) Has the plaintiff sustained the burden of proof as to freedom from contributory negligence? The onus in these two particulars rested on the plaintiff throughout the entire case. If plaintiff failed in either one of these particulars, the trial court properly sustained the defendants' motion for a directed verdict.

Plaintiff's petition alleges that plaintiff's decedent, Dr. C. B. Gaard, upon the invitation of defendants' decedent, Edward

J. Hill, entered an automobile owned and driven by the said Hill; that Hill had the sole management and control thereof; that, on October 10, 1923, about 10:30 o'clock P. M., the said Hill was driving his automobile, in which Dr. Gaard was a guest and passenger, in a northerly direction on the main traveled highway between Fort Dodge and Webster City; that, notwithstanding that Hill was familiar with the said highway, and knew that the tracks of the Illinois Central Railway crossed said highway at that particular point, and further knew that for years a train of said company's was scheduled to pass on said track and across the highway at about 10:30 P. M. of each night, and notwithstanding that Hill knew that he was approaching said crossing, he, utterly heedless of the safety of plaintiff's decedent, did then and there negligently, carelessly, and recklessly attempt to cross said railroad company's tracks in front of the train which was then approaching from the west, and that, by reason thereof, the said automobile was struck by the train, and the said Hill and the said Gaard were killed; that the negligent conduct of the said Hill was the proximate cause of the injury; that said Hill operated and drove the said automobile at an excessive rate of speed; that he failed to keep a proper lookout for approaching trains and failed, notwithstanding the warning signals of the engine by whistle, bell, and headlight, to so manage and operate his car as to avoid the impending collision; that he permitted the mechanism of the car which he was driving to get out of good repair, so that the same did not properly respond to the operation of the driver; that he had insufficient knowledge and ability to operate an automobile with ordinary care and safety; that there were no eyewitnesses to the accident; that the injuries received by plaintiff's decedent from which he died were inflicted without any negligence on the part of her decedent, contributing thereto; and that damages in the sum of $10,000 were sustained by the wrongfully caused death of plaintiff's decedent. The foregoing constitute the material allegations upon which plaintiff seeks to recover damages. Allegations and proof are distinct things, and the material question, therefore, is whether the plaintiff established a prima-facie case when, on motion, the verdict was directed.

Before we discuss the legal principles applicable to this case, a brief outline of the record facts may be given. It ap-

pears that plaintiff's decedent, C. B. Gaard, was a practicing osteopathic physician in the city of Fort Dodge, Iowa; that the defendants' decedent, Edward J. Hill, also resided in Fort Dodge, and was a friend of the doctor's.

At Webster City, Iowa, Mr. and Mrs. Harry Neudeck lived. Mr. Neudeck was an invalid, and was a patient of Dr. Gaard's. About 5 o'clock on the afternoon of October 10, 1923, the doctor and Mr. Hill drove from Fort Dodge to Webster City in Mr. Hill's car, with Mr. Hill at the wheel. Upon arrival at the Neudeck home, they had dinner. During the evening, Mr. Hill drove Mrs. Neudeck on an errand, during which time Dr. Gaard gave Mr. Neudeck a treatment. She returned home about 10 o'clock, and shortly thereafter the two men left on the return trip to Fort Dodge.

An Illinois Central passenger train left Fort Dodge at 10 o'clock that evening, and the train proceeded toward Webster City at the rate of about 60 miles an hour. About 10:27, the passenger train approached the crossing. The locomotive was equipped with a 500-watt electric headlight. It was lighted, and the direct rays struck the track about 40 or 50 feet ahead of the engine, making an object between the rails a quarter of a mile ahead visible to the engineer. This light was visible to parties approaching it for a distance of several miles. After the train reached the whistling post a quarter of a mile west of the crossing, the engineer attached the automatic bell ringer, and sounded the whistle for the crossing. The railway track is down grade from the crossing to the Webster City station, about a mile away, and after the train approached this crossing, the engineer shut off the steam, to coast to the station. He did not observe the automobile in question, nor had he seen the lights of any cars at any point on the highway. As he shut off the steam, he glanced at his water gauge, trying to determine the true water level. This occupied a period of from two to three seconds.

When the train struck the automobile, there was an explosion, which illuminated the scene for a second. The brakes were immediately applied, and the train was brought to a stop about a quarter of a mile east of the crossing. The dead body of Hill was found about 130 feet east of the crossing, on the south side of the railroad right of way. Just beside him, and a little to

the east, was the transmission of the wrecked car. About 50 or 60 feet east of Hill's body was the body of Dr. Gaard.

The automobile, prior to the accident, was being driven on Primary Road No. 5, which is a main-traveled highway between Fort Dodge and Webster City. As it leaves Webster City, it runs west until just beyond the plant of the National Sewer Pipe Company, when it turns north a distance of about 20 rods, crossing the tracks of the Illinois Central Railroad at right angles. Where the highway and railroad intersect, the highway dips rather sharply, the track being about 3 feet lower than the grade of the highway. In the light of these record facts, we turn to the specifications of negligence charged in the petition, and ask what evidence sustains the specifications.

It must be borne in mind that there were no eyewitnesses to the accident, and it is not established by direct evidence that the decedent Hill was the driver of the car at the time in question. If it is conceded that it is established circumstantially that Hill was the driver, this would constitute but the first step in the proof. It is alleged that Hill operated and drove the automobile at an excessive and negligent speed, in view of the dangers which attended the driving over the said crossing. There is not a syllable of proof as to this pleaded fact. It is also alleged that Hill failed to keep a proper lookout for approaching trains, notwithstanding the warning signals of the locomotive. There is not a syllable of proof in this particular. It is further alleged that he permitted the mechanism of the car which he was driving to get out of good repair, so that the same did not properly respond to the operation of the driver. Again the proof utterly fails. It is further alleged that he had insufficient knowledge and ability to operate an automobile with ordinary care and safety. This fact is sought to be established by certain testimony as to the operation of the car by him on other occasions, but not under circumstances connected with this particular railroad crossing or any railroad crossing.

Plaintiff succeeded in part in proving isolated circumstances. One witness was asked by plaintiff: "What sort of a driver would you say he was?" The court sustained a timely objection. This question was incompetent, and involved a mere conclusion. Thereupon, plaintiff offered to prove that the defendants' decedent, by reputa-

2. EVIDENCE: opinion evidence: habits of person: conclusion.

tion and by specific instances, was a careless and incompetent driver; that he had not the ability to control his car in an emergency; that Hill stalled his car on slight grades; that his mind

3. EVIDENCE: com- was so centered on one thing that he did not
petency: careless
habits.          see other cars; that he nearly had and did have

collisions; that he was uncertain and nervous in driving, and easily rattled. The court sustained an objection to this offer, and correctly so. The rule is stated by Professor Wigmore in 1 Wigmore on Evidence (2d Ed.), Section 376, as follows:

"In general, where a habit of conduct is to be evidenced by specific instances, there is no reason why they should not be resorted to for that purpose. The only conditions * * * are (a) that they should be numerous enough to base an inference of systematic conduct, and (b) that they should have occurred under substantially similar circumstances, so as to be naturally accountable for by a system only, and not as casual recurrences."

The limitations of this rule have been recognized by this court. *Frederickson v. Iowa Cent. R. Co.*, 156 Iowa 26; *Kroy v. Chicago, R. I. & P. R. Co.*, 32 Iowa 357; *Platter v. Minneapolis & St. L. R. Co.*, 162 Iowa 142; *Dalton v. Chicago, R. I. & P. R. Co.*, 114 Iowa 257. There is no occasion to review the cases.

Negligence cannot be predicated on presumption or inference; and the proffered evidence in this case would raise collateral and remote issues, and, as said in *Adams v. Chicago, M. & St. P. R. Co.*, 93 Iowa 565, "would lead to all manner of complications." See, also, *Gray v. Chicago, R. I. & P. R. Co.*, 143 Iowa 268.

It is obvious that a person may be generally careful in doing a particular thing under certain circumstances, and be careless in another instance. Sufficient to state that the offer did not concern itself with the general habits of the defendants' decedent in using the particular railroad crossing, nor did it constitute substantive proof of what he was doing at the time of the accident. Regardless of the claimed negligence of Hill, the burden at all times was upon the plaintiff to prove Dr. Gaard's freedom from contributory negligence. Under this record, we have no hesitation in saying that the plaintiff failed in this particular. This being true, the rejection of the offer to prove the habits of the decedent Hill in driving a car, if error, was error without prejudice.

II. The plaintiff had the burden of proof to establish by a preponderance of the evidence (1) the alleged negligence of Hill and (2) Dr. Gaard's freedom from contributory negligence. Even if we were to view the physical facts, as contended by appellant, as sufficient in themselves to warrant a finding of negligence on the part of Hill, we would not be warranted in finding from the physical facts and circumstances that the plaintiff's decedent was free from contributory negligence. The plaintiff failed to establish her case, and the motion of the defendants for a directed verdict was correctly ruled, and the judgment entered must be and is—*Affirmed.*

EVANS, STEVENS, and VERMILION, JJ., concur.