GRACE DARDEN, Appellant, v. CHICAGO & NORTHWESTERN RAIL-
ROAD COMPANY, Appellee.

No. 40802.

DECEMBER 16, 1931.

C. C. Orvis, for appellant.

Devitt, Eichhorn & Devitt, Davis, McLaughlin & Hise, and
J. C. Davis, Jr., for appellee.

ALBERT, J.—The defendant owns and operates a railway

running approximately north and south through the town of Tioga, Iowa. About 70 rods south of the depot in said town is a public highway running approximately east and west, cutting the railway right of way at right angles, and about 70 rods farther south from this crossing is another highway crossing. East of the railroad track and approximately paralleling the same is a north and south highway, which, at the point in controversy, is some 35 to 40 feet east of the railway. At the point where the accident occurred, the railroad track is laid through a cut, and on the south side of the highway and the east side of the railroad, the top of this cut is a little over nine feet above the base of the rails. From the paralleling highway, the east and west highway slopes towards the track.

About noon on the 14th day of September, 1929, plaintiff was driving her automobile north on the parallel highway and turned west on the highway which crosses the railroad track at the point of the accident. She testified that she was an expert driver, having driven a car for many years, and her car (especially the brakes) was in good condition; that she was familiar with this crossing and its surroundings, having crossed it numerous times during the few years preceding the accident. She testified that, when she was about 20 feet from the track, she stopped the car, cut off the motor, and looked and listened, but heard nothing and could see nothing because of the high bank on the south side of the highway. She further said that she knew when she made the stop that she could see nothing on the railway but the crossing. This crossing is made of plank 16 feet long, and the bed of the highway from thence east is approximately 20 feet in width. She testified that she then started her car and proceeded, and again stopped and shut off the motor, and at this time it was 12 to 15 feet between her body in the car and the nearest rail of the railroad track. She stated that she again looked and listened, and at the point where she sat in the car she could see only about 40 feet south of the crossing. She said she then started her motor and started the car across the track; that she kept looking all of the time to the south, being the direction from which the train was approaching; that she saw nothing and heard nothing of the approaching train, and when her car was about five feet upon the crossing, the train hit her car on the south side and dragged it

some distance to the north, wrecking the car and injuring the plaintiff.

This train did not consist of the usual cars and coaches drawn by a steam locomotive, but was one of the modern coaches with the motor power in the front part of the car. It was equipped with a whistle and an automatic bell ringer. While the plaintiff testified she did not hear the train whistle for this crossing and did not hear the bell rung, various employees of the defendant who were on the train at the time, testified that the train whistled for the south railroad crossing above referred to, about 70 rods south of the crossing where the accident occurred, and between these two crossings the train whistled for the station, and again whistled the third time for the crossing where the accident occurred, and that the bell was ringing all of the time.

A wholly disinterested witness who was standing on the platform of the depot at Tioga, waiting to take this train, testified that he heard the train whistle at the various times testified to by the employees of the company. He did not, however, corroborate them as to the ringing of the bell, because he was too far away to hear it. Plaintiff did not testify that the bell was not rung, or the whistle not blown for the crossing, and her testimony is purely negative in this respect, as she says she did not hear it.

The physical facts in the case, however, tend to contradict the plaintiff in this respect on the question of whether or not she looked. The undisputed testimony in the case shows that, if she had stopped her car 25 feet back from the crossing, she would have had a clear and unobstructed view for 360 feet to the south; if she had stopped 20 feet back, she would have a clear and unobstructed view for 510 feet; if she stopped 15 feet back, she would have a clear and unobstructed view for 760 feet; and if she had stopped 10 feet back, she would have a clear and unobstructed view to the south for 954 feet.

The plaintiff offered no testimony showing an excessive rate of speed. In fact the only testimony in the case on the question of the speed of the train was that given by the engineer in charge, where he testified that he had shut off the power and was slowing down on approaching the depot. It is very doubtful whether the plaintiff made out a case of negligence on

586

the part of the defendant, but passing this question, we still have the question of contributory negligence.

We are furnished with many exhibits, consisting of photographs of the *locus in quo,* and after having considered the same, together with all of the testimony relative thereto, we are brought to the inevitable conclusion, broadly stated, that plaintiff drove onto this railroad crossing without looking and listening as the law requires. Since she failed to do those things which the law requires of a person approaching a railroad track,—which is a known place of danger, where trains may be expected to pass at any time,—no recovery can be had. The duty is placed on the driver of an automobile to look and listen for trains, and it was one of plaintiff's duties to look, at the place where, by looking, she could have seen, and by listening, she could have heard the same. Hinken v. Iowa Central Ry. Co., 97 Iowa 603; McFarland v. Illinois Central Railroad Co., 193 Iowa 776; High v. Waterloo, Cedar Falls & N. Ry. Co., 195 Iowa 304; Nederhiser v. C. R. I. & P. Ry. Co., 202 Iowa 285; Bradley v. Missouri Pacific Ry. Co., 288 Fed. 484.

Where the physical facts are such that, had the plaintiff looked for a train at the distance from the track where she said she did look, she would have seen the approaching train, her failure to see the train shows that she did not look, as she said she did, and she was guilty of contributory negligence as a matter of law. Artz v. C., R. I. & P. Ry. Co., 34 Iowa 153; Anderson v. Dickinson, 187 Iowa 572.

We agree with the learned district court in his action in sustaining defendant's motion for a directed verdict in favor of the defendant.

 Some objection is made to the court's refusal to admit the testimony of one of the plaintiff's witnesses, Rozenboom by name, who lived at the corner east of the railway track where the plaintiff turned west after coming from the south. He testified that he saw her car turn to the west and start towards the railroad track; that he then turned and went towards his house. He testified, "I heard the brakes squeak after I watched her." This was stricken as a conclusion. In the light of the conclusion we have reached on the merits of this controversy, the added fact that this man "heard the brakes squeak" (had the court permitted the same to remain in the testimony) would

not have changed the situation, and the error therefore, if there be one, was not prejudicial.

■ The plaintiff testified that she saw the engineer of this train reading a newspaper just at or before the collision, and hence the inference that he was not keeping a lookout. Plaintiff offered testimony of a witness to show that on other occasions appellee's engineer was seen reading a newspaper, and omitting to blow the whistle on this run.

In cases where there was an accident at a railroad crossing, resulting in death, and there were no eyewitnesses to the conduct of the deceased at the time of the accident, testimony as to the prior careful conduct of the deceased under similar circumstances is admissible in evidence as aiding a presumption of self-preservation. See Frederickson v. Iowa Central Ry. Co., 156 Iowa 26; Platter v. M. & St. L. Ry. Co., 162 Iowa 142. We have no such situation before us in this case, and aside from this exception to the rule, the uniform holding of this court and other courts is such that the offered testimony in relation to prior conduct of the engineer was not admissible, and the court's ruling excluding the same was correct. See Adams v. C. M. & St. P. Ry. Co., 93 Iowa 565; Gray v. C. R. I. & P. Ry. Co., 143 Iowa 268; Dalton v. C. R. I. & P. Ry. Co., 114 Iowa 257; In re Estate of Hill, 202 Iowa 1038; Louisville & N. R. Ry. Co. v. Scott's Admr., 211 S. W. (Ky.) 747; C., R. I. & P. R. Co. v. Durand, 69 Pac. (Kans.) 356; Gulf, C. & S. F. Ry. Co. v. Garrett, 99 S. W. (Texas) 162; Delaware, Lackawanna & Western R. Co. v. Converse, 139 U. S. 469, 35 L. Ed. 213.

The court therefore did not err in rejecting the offered testimony with respect to previous conduct of the engineer.

The plaintiff filed a motion to strike defendant's amendment to the abstract. The same is overruled.

The ruling of the district court is correct and has our approval.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and KINDIG, JJ., concur.