LAWRENCE CERETTI, by ART CERETTI, his next friend, Appellee, v. DES MOINES RAILWAY COMPANY, Appellant.

No. 45157.

June 18, 1940.

Corwin R. Bennett, J. W. Albert, and Dale S. Missildine, for appellant.

Isador Robinson, for appellee.

MILLER, J.—This is an action to recover damages for personal injuries received by the plaintiff in connection with an accident between a trolley coach owned and operated by the defendant and an automobile in which the plaintiff was riding at the time of the collision. There was a trial to the court and jury, resulting in a verdict and judgment for the plaintiff in the sum of $200. Defendant appeals.

The only errors assigned for reversal pertain to the introduction in evidence of plaintiff's Exhibit G, which was a state-

ment signed by Mrs. Kate Lane, one of defendant's witnesses, offered for impeachment purposes, and the giving of the court's instruction No. 10 in reference to consideration of said Exhibit G by the jury.

Mrs. Lane admitted that her signature to Exhibit G was genuine. There was testimony that it was secured from her by a Mr. Galpin at her home on March 9, 1939. When the statement was presented to her for examination, she replied that she did not have her glasses, but admitted her signature. The statement was offered to impeach her testimony on direct examination, plaintiff contending that she had testified that the automobile struck the trolley, whereas in the written statement she asserted that the trolley struck the automobile.

The court's instruction No. 10 admonished the jury as follows: ''You are instructed that you may consider any statements made in Exhibit 'G' by the witness Kate Lane which you find, if any, to be contrary to her testimony as a witness in this case, as bearing on her credibility or worthiness of belief, and you will consider her statements in Exhibit 'G' only for the purpose of affecting her credibility or worthiness of belief and for no other purpose.''

Appellant's assignments of error assert that the court erred in admitting Exhibit G, over objections, for the following reasons: (1) no proper predicate had been established for its introduction in evidence; (2) it contains material which was incompetent for any purpose, only a small part of which the witness was given an opportunity to deny, affirm or explain; (3) it in no way conflicted with the witness' testimony on direct examination. Appellant's assignment of error in regard to instruction No. 10 is based on the proposition that the instruction emphasized the error in admitting Exhibit G in evidence.

Appellant relies upon our holding in the case of Hunt v. Waterloo, C. F. & N. R. Co., 160 Iowa 722, 726, 141 N. W. 334, 336, wherein substantially the same objections were asserted to testimony offered for impeachment purposes and this court states:

''Certain testimony offered by plaintiff for impeaching purposes is objected to on many grounds. First, it is contended that the testimony was not contradictory of anything the witnesses who were sought to be impeached had testified to in chief; second, that no foundation was laid; and, third, that the testimony was immaterial. We are constrained to hold that as to the witness Lamb the contention of appellant's counsel must be sustained. He was not asked on direct examination any question which had reference to the subject-matter upon which he was sought to be impeached. It is fundamental, of course, that, in order to impeach by this method, the statement must be contradictory of the witness' testimony in chief: Elliott on Evidence, sections 974, 975, and cases cited. In no other respect was the testimony admissible. We might perhaps be disposed to overlook the error here, were this the only one in the case; but, in view of a retrial, have thought it necessary to condemn the ruling as to the impeachment of witness Lamb.''

We are inclined to agree with appellant that there is not sufficient inconsistency between Mrs. Lane's testimony and the statements contained in Exhibit G to make the exhibit admissible for impeachment purposes and that the objections interposed to the exhibit should have been sustained. However, in the foregoing quotation, it was pointed out that, had the error in reference to the impeaching testimony been the only one assigned for reversal, this court would have been disposed to disregard it. Such indication is in accord with repeated holdings of this court to the effect that, where a reversal is sought because of the erroneous admission of evidence over objection, it is incumbent upon appellant, not only to show that the court erred in admitting the evidence, but also that the error was prejudicial. In the absence of a showing of prejudice, the case will not be reversed. McDonald v. Robinson, 207 Iowa 1293, 1299, 224 N. W. 820, 823, 62 A. L. R. 1419; Githens v. Great Am. Ins. Co., 201 Iowa 266, 274, 207 N. W. 243, 246, 44 A. L. R. 863; Noyes v. Des Moines Club, 186 Iowa 378, 380, 170 N. W. 461, 3 A. L. R. 605; Richardson v.

Sioux City, 172 Iowa 260, 262, 154 N. W. 430, 431, Ann. Cas. 1918A, 618; Frederickson v. Iowa Cent. Ry Co., 156 Iowa 26, 28, 135 N. W. 12, 13, Ann. Cas. 1915B, 224; State v. Rozeboom, 145 Iowa 620, 624, 124 N. W. 783, 785, 29 L. R. A., N. S., 37:

In the case of State v. Rozeboom, supra, objection was made to the introduction in evidence of a carbon copy of an alleged shipping bill which referred to six tubs of butter, and indicated that eight tubs were involved, but only six delivered. In holding that the error was not prejudicial, we state:

"We think the paper thus made by the company, after its agent had charged the defendant with the larceny, and without the knowledge of defendant, was not competent evidence, and the objection thereto should have been sustained. But we are unable to see how it could have prejudiced the defense. Defendant claims to have delivered six tubs only, and the writing in question concedes the receipt of six tubs. The statement that there were two more tubs addressed to Merrill & Eldridge, and that defendant claimed to have delivered seven, was only what both the station agent and Wernick had testified to on the stand, and the written statement of the agent to the same effect can not be presumed to have given their version of the affair any increased weight in the minds of the jury."

We are inclined to the same view here. Since the statements contained in Exhibit G were consistent with the testimony of the witness, we are disposed to the view that no prejudice is shown.

In regard to instruction No. 10, we do not agree with the contentions of appellant. This instruction admonished the jury that they might consider any statement in Exhibit G, which they might find to be contrary to her testimony, and the statements in Exhibit G might be considered only for the purpose of affecting her credibility or worthiness of belief and for no other purpose. In the absence of any basis for a contrary assumption, we must assume that the jury followed the admoni-

tion in instruction No. 10, and, accordingly, since there was no substantial variance between the statements in the exhibit and the testimony of the witness, the jury disregarded said Exhibit G.

In the case of Chase v. City of Winterset, 203 Iowa 1361, 1362, 214 N. W. 591, we state:

"The court permitted one or more witnesses to testify that the conditions described were unsanitary, and might be injurious to the health of those residing in the vicinity. Another witness was permitted to describe the condition of the ditch at a point remote from appellee's residence. Appellant complains of the admission of this testimony. The petition did not allege that the health of appellee had been injured or impaired. The testimony on this point was received as bearing upon the nature and character of the nuisance complained of. Whether properly received or not, its admission was without prejudice, as the court in its instructions specifically and clearly limited the recovery of damages to the inconvenience and discomfort in the occupancy and enjoyment of the property."

Again, in the case of Kness v. Kommes, 207 Iowa 137, 139, 222 N. W. 436, we state: "The question then is: Was the inadvertent admission of the challenged testimony, in the light of the instructions, without prejudice? We answer in the affirmative."

Pursuant to the precedents above cited and quoted from, we are disposed to the view that the court erred in admitting Exhibit G in evidence, because no proper foundation was laid, but that appellant has failed to make the necessary showing that the error was sufficiently prejudicial to warrant a reversal. Accordingly, the judgment is affirmed.—Affirmed.

HAMILTON, C. J., and OLIVER, HALE, SAGER, MITCHELL, BLISS, and RICHARDS, JJ., concur.